368 A.2d 657

**Arthur L. KARDOS and Margaret Kardos,
his wife**

v.

**Thomas J. MORRIS and Margaret Morris,
his wife, Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 12, 1976.

Decided Jan. 28, 1977.

338

Leonard N. Zito, David A. Martino, Bangor, for appellants.

Elwood M. Malos, Easton, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from an order of the Court of Common Pleas of Northampton County, denying a petition by appellants, Thomas J. Morris and Margaret Morris, his wife, to open a confessed judgment.

The facts surrounding this appeal are as follows. On September 5, 1968, appellants entered into a written agreement with appellees, Arthur L. Kardos and Margaret Kardos, his wife, for the sale of a parcel of land in Bangor, Pennsylvania. Appellants agreed to pay appellees $3,800 for the land, with a down payment of $500 and seventy-two monthly installments of $55.48 each. The agreement provided that appellants would pay the taxes, insurance premiums and water bills. The agreement further contained a confession of judgment clause in ejectment in the event of default by the appellants-buyers.

Appellants made the first thirty-eight monthly payments as required. In 1970, a boundary dispute arose between appellants and a neighbor, Joyce Farleigh. Appellants filed an action in equity to resolve the dispute. Appellees, as record owners of the land, joined in the action, but bore no part of the cost of the suit. On the advice of their attorney, appellants stopped making all payments required by the agreement until the suit was resolved.

The boundary dispute was resolved in favor of appellants, who made improvements to the property. Appellants testified that they offered to pay all money due for the arrearages. Appellees, on the other hand, stated that they confessed judgment only after repeated requests for payment were ignored by appellants.

On January 23, 1974, appellees confessed judgment and on March 1, 1974, filed an action in ejectment on the

confession of judgment clause. On March 20, 1974, appellants petitioned the court to open the judgment. On June 18, 1974, the court below issued an order refusing to open the judgment. Following a per curiam affirmance by the Superior Court on February 19, 1975, we granted a petition for allowance of appeal on June 3, 1975.

In the past, this court has held that equitable considerations were of prime importance when considering a petition to open a judgment. As this court stated in *Ehnes v. Wagner*, 388 Pa. 102, 104, 130 A.2d 171, 172 (1957):

> "A petition to open judgment is addressed to the sound discretion of the court below, whose action will not be reversed on appeal unless an abuse of that discretion appears: *Gagnon v. Speback*, 383 Pa. 359, 362, 118 A.2d 744. To open judgment, the petitioner must not only aver a valid defense but he must also establish equitable considerations which impress the court with the need for relief. *Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections*, 386 Pa. 50, 53, 123 A.2d 406. There must be more than mere conflict of evidence, or oath against oath, but '. . . such evidence as would persuade the court that, upon submission of the issue to a jury, a verdict in their favor could be upheld.' *Ahrens v. Goldstein*, 376 Pa. 114, 121, 102 A.2d 164."

Although *Ehnes* dealt with the opening of a default judgment, the principles announced were also applicable in the opening of confessed judgments. See *Mitchell v. Dennison*, 442 Pa. 631, 274 A.2d 760 (1971).

The Pennsylvania Rules of Civil Procedure provide, however, in relevant part:

> "If evidence is produced which in a jury trial would require the issues to be submitted to a jury, the court shall open the judgment." Pa.R.C.P. 2959(e).

The explanatory comment to the Rule provides:

"This Rule is amended to provide a major change in Pennsylvania practice.

"Historically, it has been the rule in Pennsylvania that the opening of a confessed judgment is a matter within the discretion of the common pleas court and the appellate courts will not reverse unless there has been an abuse of discretion. This requires the defendant to do more than produce evidence which, if believed, would constitute a defense; it places on him the burden of persuading the court to open the judgment.

"Dicta in both Overmyer [*D. H. Overmyer Co., Inc. of Ohio v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L. Ed.2d 124 (1972)] and Swarb [*v. Lennox*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972)] . . . comment critically on this burden and the concurring opinion of Justices Douglas and Marshall refers specifically upon the lesser burdens of proof required under the Ohio system.

"The amendment meets these criticisms by adding a new sentence to subdivision (e) of Rule 2959 stating specifically that if the defendant produces evidence, which in a jury trial would require the issues to be submitted to a jury, the court shall open the judgment."

██ The amended rule, effective December 1, 1973, and the comment make it clear that equitable considerations are generally no longer relevant.[1] A party need only present evidence which would go to the jury and the court is required to open the judgment.

██ Despite the rule change, a party seeking to open a confessed judgment must still aver a valid de-

---

1. If the defense asserted is equitable, as in the instant case, equitable considerations will come into play. The equitable considerations, though, must directly relate to the defense asserted in opening the judgment.

fense. *Ehnes v. Wagner, supra.* As the instant judgment is in ejectment, appellants, to require opening the judgment must aver a defense to an action in ejectment.

■ . Equitable defenses are applicable to actions in ejectment. *Wylie v. Mansley*, 132 Pa. 65, 18 A. 1092 (1890). In *Thompson v. McKinley's Administrator*, 47 Pa. 353, 355 (1864), this court stated:

".  .  . A defendant in ejectment, who occupies the position of a vendee, if he wishes to maintain his possession, puts himself in the position of a plaintiff in equity, and whatever would entitle him to a decree there, would be sufficient, certainly, to protect him in the ejectment by the vendor."

Furthermore, this court, in *Allen v. Woods*, 24 Pa. 76, 79 (1854) stated:

"If a purchaser of land means to retain the possession he should pay according to his contract; and if liens exist to excuse delay beyond the time stipulated, he should be ready to pay as soon as they are removed. It is especially incumbent on a purchaser, privileged to pay in specific chattels, to be prompt and ready to perform his contract, if not at the time specified, as soon as the title is clear and he can perform with safety. He must not expect to retain the land without even providing himself with the equivalent promised to be given for it." [2]

■ In the instant case, appellants allege that they offered to pay all arrearages when the boundary dispute was resolved. According to *Allen v. Woods, supra*, this constitutes a good defense to the ejectment action. Appellees, however, testified that appellants never offered to pay the arrearages. This factual dispute could only be

2. While the cases cited pertaining to equitable defenses to an action in ejectment may be old, they represent this court's most recent discussions in the area. See *Calhoun v. Hays*, 155 Pa.Super. 519, 39 A.2d 307 (1944).

resolved by the factfinder. If this were a jury trial, the issue would have been submitted to the jury.[3] Thus, under the standard of Rule 2959(e), the judgment should be opened.

The order of Superior Court is reversed and judgment opened. Record remanded to the Court of Common Pleas of Northampton County for further proceedings.

POMEROY, J., concurs in the result.

**3.** Pennsylvania Rule of Civil Procedure 1513, relating to equity actions provides:

"The court on its own motion or upon the petition of any party may submit to trial by jury any or all issues of fact. The trial by jury shall be given a preference on the trial list. The verdict of the jury shall be in the form of answers to specific questions and shall not be binding upon the court."