392 A.2d 784

The FIDELITY BANK, Appellee,

v.

ACT OF AMERICA, INC., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.
Decided Oct. 20, 1978.

Abraham A. Hobson, III, King of Prussia, for appellant.

John D. Dunmire, Norristown, and Susan L. Anderson, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal is from the order of the court below denying appellant's petition to open a confessed judgment. The sole issue is whether the lower court abused its discretion in finding that appellant failed to aver a meritorious defense.

On August 23, 1974, appellee, The Fidelity Bank, loaned appellant, Act of America, Inc. the sum of $10,000 in return for appellant's promissory note and a guaranty agreement executed by one of appellant's principals and his wife. Pursuant to the authorization contained in the note, on December 8, 1975, appellee confessed judgment against appellant in the amount of $10,000 plus attorney's fees. In its petition to open the judgment, appellant alleged that in April of 1974 appellee orally agreed to make available a $25,000 line of credit for appellant. According to this oral argument appellant was to receive $10,000 in August of 1974 and the remaining $15,000 in November of 1974. Appellant acknowledges receipt of the $10,000 August 23 payment, but contends the appellee-bank breached its oral agreement by refusing to provide the remaining $15,000. In defense to the confessed judgment, appellant averred that as a result of appellee's alleged breach, an advertising and promotion campaign that it had earlier initiated was rendered ineffective due to lack of funds to continue, and that it was unable to meet a federal tax deadline and thus incurred a substantial penalty.

Although appellee's answer to the petition to open denied the existence of any oral agreement to extend a $25,000 line of credit to appellant, the deposition of appellee's former branch manager confirmed such an agreement. The former manager further testified that as of the time he terminated his employment with the bank in October of 1974, appellant had not requested the remaining $15,000. In addition, the manager noted that had appellant requested the funds, another personal guaranty would have been required.

On December 17, 1976, after consideration of the petition, answer, and deposition, the court below declined to open the judgment and this appeal ensued.

A petition to open a confessed judgment is an appeal to the lower court's discretion. *Christie v. Open Pantry Marts*, 237 Pa.Super. 243, 352 A.2d 165 (1975); *Wolgin v. Mickman*, 233 Pa.Super. 218, 335 A.2d 824 (1975). Moreover, it is well-settled that a party seeking to open a judgment by confession must act promptly and allege a meritorious defense. *Kardos v. Morris*, 470 Pa. 337, 368 A.2d 657 (1977); *First Penna. Bank N.A. v. Weber*, 240 Pa.Super. 593, 360 A.2d 715 (1976); *Christie v. Open Pantry Marts*, supra; *Wolgin v. Mickman*, supra. "In a proceeding to open a confessed judgment, '[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court *shall* open the judgment.' Rule 2959(e), Pa.R.C.P., effective December 1, 1973. (Emphasis supplied.) 'Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to the jury.' *Ritchey v. Mars*, supra, 227 Pa.Super. [33] at 36, n. 4, 324 A.2d [513] at 515, n. 4." *Wolgin v. Mickman*, supra 233 Pa.Super. at 221–222, 335 A.2d at 825; *Christie v. Open Pantry Marts*, supra 237 Pa. at 245, 352 A.2d 824. See also *Kardos v. Morris*, supra.

Since it is conceded that appellant's petition to open was filed promptly, the sole question is whether appellant produced evidence which in a jury trial would require the issues to be submitted to a jury. *Kardos v. Morris*, supra; *Foerst v. Rotkis*, 244 Pa.Super. 447, 368 A.2d 805 (1976). Instantly, as a defense to appellee's judgment, appellant has advanced a breach of contract claim which, if proved, would entitle it to damages that could be set off against the judgment. In other words, the alleged defense does not attack the validity or amount of the instant judgment, but rather asserts a breach of contract by the appellee subsequent to the loan. We are of the opinion that even if appellee did orally agree to make available two loans to

appellant and subsequently refused to extend the second loan this does not constitute a meritorious defense to the judgment entered upon the first loan. This conclusion is supported by the case of *Pollard & Brant, Inc. v. Stein*, 81 Pa.Super., 374, 376–77 (1923), where it was pertinently observed that:

> "It seems to be well settled that it is poor practice to open a judgment to establish a defense which has originated since the rendition of it. 'To a judgment there can be no set-off of a debt not in judgment. One judgment may be set-off against another, through the equitable powers of the court, but to a judgment ripe for execution, there can be but one answer to wit: Payment pure and simple': *Thorp v. Wegfarth* [Wegefarth] 56 Pa. 82; *Rishel v. Crouse*, 162 Pa. 3, [29 A. 123] This broad statement, however, must be qualified in this respect that when the subject-matter of defense is attached to the judgment or to the consideration on which it rests, the court under its equitable powers will entertain such a petition and if the facts warrant will open the judgment: *Beaty v. Bordwell*, 91 Pa. 438; *Stroud's App.*, 109 Pa. 326."

Instantly, it is uncontroverted that appellant's purported defense arose subsequent to appellee's judgment. Nor has appellant's alleged defense been reduced to judgment. Thus it is clear that the asserted defense falls within the general rule stated in *Pollard & Brant, Inc. v. Stein*, supra. Moreover, it is equally apparent that the alleged defense is outside the ambit of the exception to the general rule. In this regard, the question is whether appellee's alleged oral agreement to advance a second loan is so involved in the consideration of the first loan as to be part of the same transaction. *Pollard & Brant, Inc. v. Stein*, supra. We think not. Even though appellant may have established that appellee agreed to extend a second loan, there is no indication—let alone evidence—that appellee's failure to perform its obligation would relieve appellant from repayment of the first loan upon which judgment was validly confessed. Nor is there any allegation that appellant would not have taken the first loan unless it was guaranteed a

second loan at a later date. In short, we find that performance of appellee's promise to grant a second loan was not a condition precedent to appellant's obligation to repay the first loan. Any agreement to extend a second loan is too collateral a matter to be considered as attaching to the first loan, "or in any way affecting the consideration on which it rests." *Pollard & Brant, Inc. v. Stein,* supra, 81 Pa.Super. at 377. In other words, as the court below stated: "Nor is the exception to the general rule here applicable since the subject matter of the defense is not attached to the judgment or the consideration on which it rests, i. e., [appellant's] promise to pay the principal plus interest."

In sum, if appellee has breached a contractual obligation appellant can, of course, sue for any damage resulting therefrom. Appellant may not, however, have the instant judgment opened on the grounds that appellee failed to perform some future obligation. See *Nilles v. Guiden,* 419 Pa. 271, 214 A.2d 233 (1965).

Order affirmed.

JACOBS, President Judge, concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.