435 A.2d 1285

**BELL FEDERAL SAVINGS AND LOAN ASSOCIATION OF BELLEVUE, formerly First Federal Savings and Loan Association of Bellevue, a corporation,**

**v.**

**LAURA LANES, INC., a corporation, and American Sports, Inc., a corporation, Appellants.**

Superior Court of Pennsylvania.

Argued April 30, 1981.

Filed Oct. 16, 1981.

John M. Silvestri, Pittsburgh, for appellants.

Thomas J. Jackson, Pittsburgh, for appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court abused its discretion in denying their petition to open a judgment confessed upon a mortgage note. We disagree and, accordingly, affirm the order of the court below.

On January 4, 1966, appellants borrowed $570,000 from appellee's predecessor in interest to finance a bowling alley

and restaurant and signed a mortgage note containing standard acceleration and confession of judgment clauses. Four years later, on October 2, 1970, appellants went into a prolonged receivership. During the receivership appellee unsuccessfully attempted to collect its mortgage. On January 19, 1976, appellee accelerated the balance due on the mortgage, demanded full payment, and refused to accept any lesser amounts in accord and satisfaction. Nine months later, in March, 1977, a fire partially destroyed the mortgaged premises. The insurer, suspecting arson by appellants, refused to pay any claim on behalf of the parties or the receiver. On July 1, 1977, the receivership terminated without prejudice to appellee's efforts to collect the indebtedness. On November 18, 1977, appellants filed suit against the insurer and appellee, alleging that both had defamed appellants by inducing an arson investigation and that both had breached contractual duties to insure the mortgaged premises. On January 10, 1978, appellee confessed the judgment which has prompted this appeal.

Appellants timely filed a petition to strike or open the judgment, alleging that such relief was justified for a number of reasons. On April 18, 1979, the lower court, reserving the petition to open, denied the petition to strike. This court affirmed in an unpublished opinion. *Bell Federal Savings & Loan Association of Bellevue v. Lanes*, 271 Pa.Super. 593, 419 A.2d 185 (1979). Subsequently, the lower court denied appellants' petition to open the judgment. This appeal followed.

 To open a confessed judgment, a party must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury. *First National Bank of Pennsylvania v. Cole*, 291 Pa.Super. 391, 393, 435 A.2d 1283, 1284 (1981); *Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 392 A.2d 784 (1978); Pa.R.Civ.P. 2959. "[E]quitable considerations are generally no longer relevant" unless related to a particular defense asserted. *Kardos v. Morris*, 470 Pa. 337, 341, 368 A.2d 657, 660 (1977). The petitioning party has the

burden of producing sufficient evidence to substantiate its alleged defenses. *See* Pa.R.Civ.P. 2959(e); *America Corp. v. Cascerceri*, 255 Pa.Super. 574, 580 n.6, 389 A.2d 126, 129 n.6 (1978); *Instapak Corp. v. S. Weisbrod Lamp & Shade Co.*, 248 Pa.Super. 176, 181, 374 A.2d 1376, 1381 (1977). The defenses asserted must be "valid." *Kardos v. Morris, supra*, 470 Pa. at 341, 368 A.2d at 660; *Fidelity Bank v. Act of America, Inc., supra*, 258 Pa.Super. at 264, 392 A.2d at 785; *First Pennsylvania Bank N. A. v. Weber*, 240 Pa.Super. 593, 603, 360 A.2d 715, 721 (1976). For the reasons that follow, we conclude that appellants' alleged defenses either do not constitute "valid defenses," or lack the evidentiary basis required to submit an issue to the jury.

■■■ Appellants contend first that various matters pertaining to the receivership warrant opening the judgment. We disagree. Appellee's alleged "acquiesc[ence]" in the receivership, a compulsory court proceeding, *see Baur v. Wilkes-Barre Light Co.*, 259 Pa. 117, 122, 102 A. 430, 432 (1917); 5 Goodrich-Amram 2d § 1533(e):1 (1977), was no bar to its accelerating the indebtedness or confessing judgment, particularly when the order terminating the receivership expressly and unqualifiedly declared that appellee's rights "shall in no way be affected by the[ ] [receivership] proceedings." Similarly, appellants do not have standing to assert that the receiver allegedly gave appellee a preference over other creditors. Thus, neither of appellants' first two arguments constitutes a valid defense. Appellants next argue that the judgment should be opened because payments to appellee during the receivership reduced the outstanding indebtedness and because appellants had a "positive escrow balance" one year after the confession of judgment. Neither of these contentions have an adequate basis in the record to require them to be submitted to a jury and, therefore, cannot support opening the judgment. Neither the pleadings nor the depositions specify any dates or amounts of the purported payments. Likewise, evidence that appellants had a positive escrow balance after the confession of judgment is not relevant absent other evidence

showing how that balance related to the outstanding indebtedness.[1] *See First Pennsylvania Bank N. A. v. Weber, supra* (upon failure to produce sufficient admissible evidence, petition to open will be denied).[2]

▮ Appellants next allege that appellee "refused to accept monthly installments" after accelerating the indebtedness. This allegation is not a valid defense. In a commercial mortgage, an acceleration clause is generally honored; and, once there has been a default and an acceleration, the mortgagee need not accept any less than the full accelerated amount. Indeed, the mortgagee who accepts lesser amounts risks having its right to insist on the accelerated amount deemed waived. *Ministers and Missionaries Board v. Goldsworthy*, 253 Pa.Super. 321, 328–329, 385 A.2d 358, 362 (1978). Here appellants never directly deny the default. The mortgage authorizes acceleration. Appellants do not show that appellee's exercise of it was improper. Thus we agree with the lower court that appellee's refusing monthly payments, if any were tendered, was within its rights and not a basis for opening judgment.

▮ Appellant contends next that appellee breached the mortgage by obtaining insufficient insurance on the premises, thus excusing appellant from a duty to pay the mortgage note. This contention misconstrues the mortgage and asserts an improper legal conclusion and is thus not a valid defense. The mortgage contained a standard provision requiring appellants, as mortgagors, to pay "all premiums . . . for policies of insurance against fire . . . as may be reasonably required by [appellee], in amounts . . . satisfactory to [appellee], all such policies to be assigned *for the benefit of*

1. Other uncontradicted evidence on the record showed that under appellee's accounting methods a "positive escrow balance" implied an arrearage or default.

2. Appellants' contentions that appellee induced the default and that appellee acted so as to impugn appellants' credit reputations are unsupported. Consequently, those contentions could not be submitted to the jury. *See Tenreed Corp. v. Philadelphia Folding Box Co.*, 256 Pa.Super. 49, 54, 389 A.2d 594, 598 (1978); *First Pennsylvania Bank N. A. v. Weber, supra.*

*[appellee].*" (Emphasis supplied.) The record shows that appellants initially chose the police, company, and amount of coverage, then submitted it to appellee which clerically approved the insurance provided that the policy named appellee as a payee and first mortgagee, and was in an amount sufficient to cover appellee's own interest. Nothing in the mortgage itself or approval procedure precluded appellants from getting other insurance for themselves, or gave appellants a justifiable reason to rely on appellees to insure anything but is own interest. Even if there was some obligation upon appellee to procure insurance, it is not a condition precedent to appellants' duty to repay the loan according to the terms of the note. *See Fidelity Bank v. Act of America, Inc., supra; Kennett Credit Co. v. Graybeal*, 30 Pa.D.&C.2d 420 (C.P. Chester County, 1963).

■ Appellants contend finally that the confessed judgment should be opened to await the outcome of the pending litigation against appellee and the insurer. The lower court rejected this contention because the unliquidated claim constituted no set-off to the indebtedness. We agree. It is well settled that "[t]o a judgment there can be no set-off of a debt not in judgment" except when the "subject matter of defense is attached to the judgment or the consideration on which it rests." *Pollard & Brant, Inc. v. Stein*, 81 Pa.Super. 374, 376–77 (1923), quoting *Thorp v. Wegefarth*, 56 Pa. 82, 85–86 (1868); *see Fidelity Bank v. Act of America, Inc., supra*. The exception refers to those claims and defenses affording valid defenses under Pa.R.Civ.P. 2959. *Kardos v. Morris, supra*, 470 Pa. at 341–342, 368 A.2d at 660. Though appellants' pending litigation also involves appellee and concerns the mortgaged premises, it is ostensibly based on a separate agreement with a third party (the insurer) and a separate set of obligations to appellants. Appellants' petition to open this independent and otherwise valid confessed judgment to await the possibility of another judgment overstates the equitable powers of the court. The court, upon entering the second judgment—if appellants are ultimately successful in their insurance-related suit—will be able to

mold it to prevent a double recovery by appellee. The contingency of a future, essentially unrelated, outcome thus does not excuse appellants from meeting their present certain obligation.[3]

For the reasons above appellants' petition to open this confessed judgment fails either by not averring valid defenses or in not producing sufficient evidence to bring an issue to the jury, and accordingly was properly denied by the lower court.

Order affirmed.

---

**3.** Appellants' three remaining challenges—to the amount of the judgment, to appellee's right to obtain it, and to the sufficiency of appellee's averment of default—have already been adjudicated in the prior unsuccessful appeal from the order denying their petition to strike. Thus, despite briefing them anew, appellants are precluded from asserting them here. *Oak Lane Shopping Center, Inc. v. Flame,* 264 Pa.Super. 9, 14, 398 A.2d 721, 724 (1979).