435 A.2d 1283

**FIRST NATIONAL BANK OF PENNSYLVANIA,**

**v.**

**Calvin W. COLE, Appellant.**

**FIRST NATIONAL BANK OF PENNSYLVANIA,**

**v.**

**PROFESSIONAL TIRE CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed Oct. 16, 1981.

Walter A. Dart, Jr., Erie, for Cole, appellant.

R. Perrin Baker, Erie, for Professional Tire Corp., appellant.

Norman H. Stark and Charles D. Marlett, Erie, for appellee.

Before PRICE, CAVANAUGH, and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that they presented sufficient evidence that appellee had impliedly elected to retain collateral in satisfaction of appellants' obligations to appellee to warrant opening of judgments confessed against them. We disagree and, accordingly, affirm the orders of the lower court.

In July, 1977, appellee, The First National Bank of Pennsylvania, sold a tire recapping business to appellant Professional Tire Corporation (PTC), which granted appellee a security interest in all of its personal property and the proceeds thereof. As further security, appellant Calvin W. Cole and several others personally guaranteed the loan. PTC and the individual guarantors executed notes containing confession of judgment clauses. Subsequently, appellee advanced PTC additional sums secured by the assets of PTC. On February 13, 1979, appellee notified appellants that the

loans, then aggregating $1,800,000, were in default, and proposed to take possession of the collateral and sell it in a commercially reasonable manner. Appellee promptly took possession of the collateral, sold the inventory of finished tires and two trucks, and attempted to collect the accounts receivable. Appellee then engaged Cole to operate the plant pending its eventual sale as a going concern. On May 3, 1979, appellee notified appellants that it anticipated a substantial deficiency as a result of its efforts to dispose of the collateral and requested Cole and the other guarantors to arrange for payment pursuant to their respective personal guarantees of the PTC corporate debt. Appellee was unable to sell the plant and, in September, 1979, labelled each piece of plant equipment as "PROPERTY OF FIRST NATIONAL BANK OF PA." On February 7, 1980, appellee confessed judgment against PTC in the amount of $1,962,133.35, and caused writs of execution to issue on that judgment and on one in the amount of $58,333 which it had earlier confessed against Cole. On February 25, 1980, appellants filed petitions to open the respective judgments, alleging that appellee had impliedly elected to retain the collateral in satisfaction of their obligations to appellee. The lower court denied the petitions. This appeal followed.

■ The party seeking to open a confessed judgment must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury. *Kardos v. Morris*, 470 Pa. 337, 341–42, 368 A.2d 657, 659 (1977). *See also Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 263, 392 A.2d 784, 785 (1978); Pa.R.Civ.P. 2959(e).

■ Appellants allege as their defense that appellee had impliedly elected to retain the collateral in satisfaction of their debts according to section 9–505(2) of the Uniform Commercial Code, 13 Pa.C.S.A. § 9505(b),[1] when it seized the

1. Section 9505(b) provides, in pertinent part:
   [A] secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor . . . . In absence

collateral and failed to dispose of all of it for approximately one year before attempting to execute upon judgments entered against them. Upon default by a debtor, a secured party may, pursuant to Article Nine of the Uniform Commercial Code: (1) obtain a judgment on the debt, 13 Pa.C. S.A. § 9501(a); (2) repossess and sell or otherwise dispose of the collateral, *id.* § 9504(a); or (3) repossess and retain the collateral in satisfaction of the debt, *id.* § 9505(b). *See* J. White & R. Sommers, Uniform Commercial Code, § 26–4 (2d ed. 1980). *See also Alliance Discount Corp. v. Shaw*, 195 Pa.Super. 601, 605, 171 A.2d 548, (1961) (when plaintiff entered judgment on note, it could have used the judgment as a means of recovering the debt or it could repossess and sell collateral and use judgment to recover any deficiency); U.C.C. § 9–505, Official Comment 1. Assuming, *arguendo,* that an implied election to retain the collateral in satisfaction of the debts is a meritorious defense to an action to collect a deficiency, we conclude that appellants have failed to present sufficient evidence to require submission of the issues to a jury. Appellants have not alleged, nor have they presented any evidence, that appellee manifested an intention to retain the collateral in satisfaction of their obligations to appellee. *See Nelson v. Armstrong,* 99 Idaho 422, 582 P.2d 1100 (1978); *Jones v. Morgan,* 58 Mich.App. 455, 228 N.W.2d 419, (1975); *S. M. Flickinger Co. v. 18 Genesee Corp.,* 71 App.Div.2d 382, 423 N.Y.S.2d 73 (1979). On the contrary, the record amply shows that it had elected to repossess and sell the collateral and hold appellants liable for any deficiency. *See* 13 Pa.C.S.A. § 9504(a); *Alliance Discount Corp. v.*

of [a] written objection [to the proposal,] the secured party may retain the collateral in satisfaction of the debtor's obligation.

*Shaw, supra.* Consequently, the lower court properly denied appellants' petitions.[2]

Orders affirmed.

PRICE, J., did not participate in the consideration or decision of this case.

---

2. Because appellants failed to allege in their petitions to open that appellee had not disposed of the collateral in a commercially reasonable manner, *see* 13 Pa.C.S.A. § 9504(c), we need not consider appellants' arguments that appellee forfeited its right to a deficiency judgment under section 9504(b), *see generally* J. White & R. Sommers, *supra* at § 26–15, and that section 9507 is not appellants' sole remedy. *See* Pa.R.Civ.P. 2959(c) ("A party waives all defenses and objections which he does not include in his petition or answer."). *See also Wolgin v. Mickman,* 233 Pa.Super. 218, 225 n.10, 335 A.2d 824, 827 n.10 (1975).