438 A.2d 992

**Yvonne P. VAN BRAKLE, Appellant,**

v.

**Harry LANAUZE.**

Superior Court of Pennsylvania.

Argued May 1, 1981.

Filed Dec. 18, 1981.

278

Frank R. Fleming, Pittsburgh, for appellant.

John L. Bailey, Pittsburgh, for appellee.

Before POPOVICH, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in striking her confessed judgment. We agree and, accordingly, reverse the order of the court below and reinstate the judgment.

On January 8, 1971, the parties, who were married in 1948, executed a property settlement agreement which required that following their divorce appellee should pay $1,000 support per month to appellant provided she did not remarry. The agreement also contained a clause enabling appellant, upon appellee's default, to accelerate his obligation and confess judgment against him. Because appellee failed to make his August, 1979 payment, appellant confessed judgment against him in the amount of $69,000. Appellee promptly filed a petition to strike or open the judgment alleging that he was not obliged to pay support. The court below granted his petition to strike the judgment. This appeal followed.

■ Appellant contends that the lower court erred in striking her confessed judgment. We agree. "A motion to strike is only proper when the defect in the original judgment appears on the face of the record. *Triangle Building Supplies and Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976)." *De Feo v. Mac Intyre*, 265 Pa.Superior Ct. 95, 97, 401 A.2d 818, 819 (1979). "In search of such a defect, a court will only look to the record as it existed when the judgment was entered. *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969)." *Conti v. Shapiro, Eisenstat, Capizola, Lisitski & Gabage, PA*, 293 Pa.Superior Ct. 301, 305, n.*, 439 A.2d 122, 124 n.* (1981). "The motion to strike off a judgment entered by confession necessarily has to do with the regularity of the record and could not be based on the equities of the situation." *Century Credit Co. v. Jones*, 196

Pa.Superior Ct. 210, 214, 173 A.2d 768, 771 (1961). "If the record is self-sustaining the judgment will not be stricken. *Solebury National Bank of New Hope v. Cairns*, 252 Pa.Super. 45, 380 A.2d 1273 (1977)." *Van Arkel & Moss Properties, Inc. v. Kendor, Ltd.*, 276 Pa.Superior Ct. 547, 551, 419 A.2d 593, 595 (1980). Appellee failed to allege and introduced no evidence of any defect appearing on the face of the record. Accordingly the lower court erred in striking appellant's confessed judgment.[1]

Even if we were to view the lower court's order as one opening the judgment,[2] it is nevertheless clear that appellee is not entitled to that relief. In *Bell Federal Savings & Loan Association of Bellevue v. Laura Lanes, Inc.*, 291 Pa.Superior Ct. 395, 398, 435 A.2d 1285, 1286–87 (1981), we stated:

> To open a confessed judgment, a party must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury. *First National Bank of Pennsylvania v. Cole*, 291 Pa.Super. 391, 393, 435 A.2d 1283, 1284 (1981); *Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 392 A.2d 784 (1978); Pa.R.Civ.P. 2959. "[E]quitable considerations are generally no longer relevant" unless related to a particular defense asserted. *Kardos v. Morris*, 470 Pa. 337, 341, 368 A.2d 657, 660 (1977). The petitioning party has the burden of producing sufficient evidence to substantiate its alleged defenses. *See* Pa.R.Civ.P. 2959(e); *America Corp. v. Cascerceri*, 255 Pa.Super. 574, 580 n.6, 389 A.2d 126, 129 n.6 (1978); *Instapak Corp. v. S. Weis-*

1. Contrary to appellant's assertion, the lower court did not *sua sponte* strike the confessed judgment. Appellant petitioned both to open or strike the judgment. (R. 9a.)

2. "[A]n appellate court [may] overlook improper nomenclature" when reviewing petitions to strike or open judgment. *De Feo v. Mac Intyre, supra*, at 97, 401 A.2d at 819. When reviewing the record presented to the lower court and its opinion granting appellee's petition, it is clear that the lower court was applying the criteria for opening rather than that for striking a judgment. *See, e. g., Baederwood Shopping Center, Inc. v. St. George & Co.*, 262 Pa.Superior Ct. 55, 59, 396 A.2d 642, 644 (1978) (contrasting criteria).

*brod Lamp & Shade Co.,* 248 Pa.Super. 176, 181, 374 A.2d 1376, 1381 (1977). The defenses must be "valid." *Kardos v. Morris, supra,* 470 Pa. at 341, 368 A.2d at 660; *Fidelity Bank v. Act of America, Inc., supra,* 258 Pa.Super. at 264, 392 A.2d at 785; *First Pennsylvania Bank N. A. v. Weber,* 240 Pa.Super. 593, 603, 360 A.2d 715, 721 (1976).

Appellee alleged as his defense that his support obligation terminated upon appellant's common law marriage. "[S]ince our courts have regarded common law marriage as a fruitful source of perjury and fraud to be tolerated and not encouraged, . . . the law imposes a heavy burden on the one who grounds his or her claim on an allegation of common law marriage." *Estate of Gavula,* 490 Pa. 535, 540, 417 A.2d 168, 171 (1980) (citations omitted).

> It is settled that marriage is a civil contract and does not require any particular form of solemnization before an officer of a church or of the state. . . . The "black letter" rule is often stated that a nonceremonial marriage comes into existence by words in the present tense, uttered with a view and for the purpose of establishing the relation of husband and wife. . . . Cohabitation and reputation are not a marriage; they are but circumstances from which a marriage may be presumed, and such presumption may always be rebutted and will wholly disappear in the face of proof that no marriage had occurred.

*Commonwealth ex rel. McDermott v. McDermott,* 236 Pa.Superior Ct. 541, 544, 345 A.2d 914, 915 (1975). *See generally* A. Freedman & M. Freedman, Law of Marriage and Divorce in Pennsylvania, §§ 57–62 (1957); A. Momjian & N. Perlberger, Pennsylvania Family Law, §§ 1.5.1–1.5.6(a) (1978). To raise this "rebuttable presumption" of common law marriage, one must establish "constant, as distinguished from an irregular or inconsistent cohabitation plus a reputation of marriage, which is not partial or divided but is broad and general." *Manfredi Estate,* 399 Pa. 285, 291, 159 A.2d 697, 700 (1960). *See also Estate of Gavula, supra,* 490 Pa. at 540 n.7, 417 A.2d at 171 n.7; *Leroy Roofing Co. v. Workmen's Compensation Appeal Board,* 15 Pa.Commonwealth Ct. 396, 398, 327 A.2d 876, 878 (1974). Although the record ade-

quately establishes cohabitation, it is totally devoid of any competent evidence of reputation. Because appellee neither established appellant's alleged common law marriage by evidence of *verba di praesenti* nor even by raising the presumption through evidence of cohabitation *and* reputation, he has not presented sufficient evidence of a meritorious defense. Accordingly, the lower court could not have opened the confessed judgment.[3]

Order reversed and judgment reinstated.

POPOVICH, J., dissents.

**3.** Appellee's answer to appellant's complaint raised two other defenses which the lower court held to be meritorious. Because appellee's petition to strike or open incorporated that answer by reference, those issues were properly before the court below. However, neither of those purported defenses—appellant's unmarried cohabitation and the supposed public policy espoused by section 507 of the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, § 507, 23 P.S. § 507 (1981–82 Supp.)—are recognized as valid defenses to an action on an agreement to support a former wife until she shall remarry. *Litwack v. Litwack,* 289 Pa.Superior Ct. 405, 409, 433 A.2d 514, 515–16 (1981). The third alleged justification noted by the court below (apparently some theory of contractual modification) has been waived by appellee's failure to raise it in his petition to strike or open. Pa.R.Civ.P. 2959(c); *First National Bank of Pennsylvania v. Cole,* 291 Pa.Superior Ct. 391, 395 n.2, 435 A.2d 1283, 1285 n.2 (1981). *Wolgin v. Mickman,* 233 Pa.Superior Ct. 218, 225 n.10, 335 A.2d 824, 827 n.10 (1975).