450 A.2d 173

**Frank WEITZMAN and Shirley Shumsky**

v.

**Alfred and Molly ULAN, his Wife t/a New York Silk and Woolen Store, Appellants.**

Superior Court of Pennsylvania.

Argued June 23, 1982.

Filed Aug. 27, 1982.

206

Edwin P. Smith, Philadelphia, for appellants.

Mitchell H. Klevan, Philadelphia, for appellees.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

McEWEN, Judge:

We here review an appeal from a refusal by the Common Pleas Court to strike and/or open a judgment entered by confession upon a lease agreement for back rent. We affirm.

Alfred Ulan and Molly Ulan, appellants herein, entered into a commercial lease as lessee of the premises located at 739 South Fourth Street in Philadelphia with Anna Weitzman, lessor, on April 15, 1980. The lease provided for a term of three years commencing April 15, 1980 with an option to renew for an additional two year term and contained a covenant which provided that the lessor "within the first year of this lease term will have a new roof installed on the premises." The lease further contained a standard confession of judgment clause empowering any prothonotary, clerk of court or attorney of any court of record to appear for the lessee in any action brought for non-payment of rent and confess judgment against the lessee.

Anna Weitzman transferred the leased premises by deed to her children, appellees Frank Weitzman and Shirley Shumsky (the nephew and niece, respectively, of appellants),

on July 24, 1980. The deed was recorded in the Department of Records on July 28, 1980. Appellees notified appellants by letter dated September 23, 1980 and posted by certified mail, return receipt requested, that ownership of the leased premises had been transferred to them and requested that all future rental payments be forwarded directly to Frank Weitzman.

Appellants paid rent for the month of October, 1980 directly to appellees; however, appellees did not receive rent for the months of November and December 1980. Appellees then filed a complaint in confession of judgment against appellants pursuant to Pa. R.C.P. 2951(b) in Philadelphia Common Pleas Court seeking the unpaid rent, interest and attorney's fee. Judgment was entered in favor of appellees in the amount of $848.40.

Appellants filed a Petition to Strike and/or Open Judgment by Confession and Dismiss Complaint on January 13, 1981 in which they claimed, *inter alia:* (1) that plaintiffs (appellees herein) never submitted proper documentation or verification of the assignment of the lease and of the right to confess judgment to the defendants; (2) that the judgment by confession was improperly entered since an executed assignment of that right was not attached to the complaint and; (3) that defendants (appellants herein) were current in payments to the lessor and that they had applied the rent due toward an indebtedness of the lessor to the defendants for repair of the roof to the demised premises.

The distinguished Common Pleas Court Judge Eugene H. Clarke, Jr. dismissed the petition of appellants by order dated April 22, 1981. This appeal followed.

Appellants first contend that the judgment should be opened because they have averred a valid defense which raises a factual dispute requiring resolution by a jury. They claim that there was an oral agreement between themselves and appellees' predecessor in interest, Anna Weitzman, that the rental payments due for November and December 1980 were to be applied to the costs of the repair of the roof of the demised premises.

In order to open a confessed judgment, a party must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury. *Bell Federal Savings & Loan Association of Bellevue v. Laura Lanes, Inc.*, 291 Pa.Super. 395, 435 A.2d 1285 (1981); *First National Bank of Pennsylvania v. Cole*, 291 Pa.Super. 391, 435 A.2d 1283 (1981); *Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 392 A.2d 784 (1978); Pa. R.C.P. 2959. *See Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967); *Foerst v. Rotkis*, 244 Pa.Super. 447, 368 A.2d 805 (1976). A petition to open a judgment is an appeal to the equitable powers of the court and is addressed to the sound discretion of the court; a reviewing court will not reverse the determination of the lower court absent a clear and manifest abuse of discretion. *Industrial Valley Bank & Trust Co. v. Lawrence Voluck*, 285 Pa.Super. 499, 428 A.2d 156 (1981); *Foerst v. Rotkis, supra; Triangle Building Supplies & Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (1976); *Cheltenham National Bank v. Snelling*, 230 Pa.Super. 498, 326 A.2d 557 (1974). The standard of sufficiency a court must employ is that of the directed verdict—viewing all the evidence in the light most favorable to the petitioner and accepting as true all evidence and proper inferences therefrom supporting the defense while rejecting adverse allegations of the party obtaining the judgment. *Industrial Valley Bank & Trust Co. v. Lawrence Voluck, supra* 285 Pa.Super. at 503, 428 A.2d at 158. The petitioning party bears the burden of producing sufficient evidence to substantiate its alleged defenses. *Bell Federal Savings & Loan Association of Bellevue v. Laura Lanes Inc., supra* 291 Pa.Super. at 398, 435 A.2d at 1286–1287; *See* Pa. R.C.P. 2959(e); *American Corp. v. Cascerceri*, 255 Pa.Super. 574, 580 n. 6, 389 A.2d 126, 129 n. 6, (1978); *Instapak Corp. v. S. Weisbrod Lamp & Shade Co.*, 248 Pa.Super. 176, 181, 374 A.2d 1376, 1381 (1977). The defenses raised must be "valid" ones. *Bell Federal Savings & Loan Association of Bellevue v. Laura Lanes, Inc., supra; Kardos v. Morris*, 470 Pa. 337, 341, 368 A.2d 657, 660 (1977); *Fidelity Bank v. Act of America, Inc., supra* 258 Pa.Super. at 264, 392 A.2d at 785;

*First Pennsylvania Bank N.A. v. Weber,* 240 Pa.Super. 593, 603, 360 A.2d 715, 721 (1976).

■  While there is no claim that the petition to open was not promptly filed, we are not persuaded that appellants have presented a valid defense necessitating the opening of the confessed judgment and, therefore, we shall not disturb the determination of the Common Pleas Court.

Paragraph 26 of the subject lease provides that any subsequent alteration, amendment, change or addition to the lease unless reduced to writing and signed by the parties to the lease shall be unenforceable.  Appellants have not directed our attention to any subsequent written agreement.  We further observe that 1) appellees never authorized the roof repair;  2) appellants never requested appellees to permit them to have the roof repaired themselves and deduct the cost of the same from rental payments;  and 3) the year within which the landlord had agreed to make the subject roof repairs had not yet expired at the time appellants themselves had the work performed.  We are thus precluded from finding a waiver of the prohibition of oral modification set forth in the lease, *see C.I.T. Corp. v. Jonnett,* 419 Pa. 435, 214 A.2d 620 (1965), which could allow us to enforce the subsequent oral agreement which appellants claim was made.  Had appellants wished to modify the lease to permit them to repair the roof themselves and deduct the cost from the monthly rental payments, they should have arranged for such a modification with appellees in advance and reduced the agreement to writing.

We clearly cannot give effect to the oral agreement appellants claim they entered into with the former owner, now, after the conveyance of the premises to appellees, and, at a time when the former owner no longer has any right, title or interest in the property.  Under the express written terms of the lease agreement appellants were bound to pay rent to any assignees of the lease.  Appellants were on notice that the ownership of the leased premises had been transferred and that all payments to become due were to be paid to the new owners.  The fact that they received notice

of the property transfer is established by their payment of rent for October 1980 directly to appellees.

Appellants also allege, as a factual dispute which necessitates the opening of the judgment, that they never received proper verification of the assignment of the lease and of the right to confess judgment against them. This is a contention without substance. The assignment of the right to confess judgment as well as the assignment of the lease were concomitant aspects of the transfer of the title of the premises of which appellants received written notice and were on record notice. The deed conveying the property to appellees contained a general assignment clause giving the grantees the right to all rentals from the premises. Paragraph 20 of the lease specifically reserved to the lessor the right to enter judgment against the lessee and to enforce all the other provisions of the lease (including the right to confess judgment) to "any assignee of the lessor's right, title and interest in his, her or their own name, notwithstanding the fact that any or all assignments of the said right, title and interest may not be executed and/or witnessed in accordance with the Act of Assembly...". It is of no consequence that there was no formal assignment of the lease following the transfer of title. "Ordinarily, where there is a change in the ownership of the reversion the new owner succeeds to the rights of the lessor." *Easton Theatres, Inc. v. Wells Fargo Land & Mortgage Company, Inc.* 265 Pa.Super. 334, 349, 401 A.2d 1333, 1341 (1979) (quoting *Metropolitan Life Insurance Co. v. Associated Auctioneers, Inc.,* 117 Pa.Super. 242, 245, 177 A. 483, 484 (1935)); *Accord, National Forge Co. v. Carlson,* 452 Pa. 516, 307 A.2d 902 (1973); *Botnik v. Chapkis,* 166 Pa.Super. 74, 70 A.2d 401 (1950). The rights and remedies reserved in the lease held by Anna Weitzman, the former owner of the premises, inured to the benefit of appellees, the new owners, as a matter of law when the property was transferred to them, even in the absence of a contractual assignment. *See, e.g., Botnik v. Chapkis, supra; Shappell v. Himelstein,* 121 Pa.Super. 418, 183 A. 644 (1936); *Williams et al. v. Notopolos,* 259 Pa. 469,

103 A. 290 (1918).[1]  We therefore conclude that appellants have raised no valid defenses such as would warrant opening the judgment.

Appellants further contend that since the complaint in confession of judgment did not comply with Pa. R.C.P. 2952 due to the failure of appellees to attach to the complaint a satisfactory assignment of the subject lease, the petition to strike the judgment should be granted.  This contention is also without merit.

A petition or motion to strike a confessed judgment is proper only when the defect in the original judgment appears on the face of the record.  *Equibank, N.A. v. Dobkin,* 284 Pa.Super. 143, 425 A.2d 461 (1981).  Where an alleged defect in a judgment entered by confession is based upon a matter dehors the record, the proper approach is to seek to have the court open the judgment.  *Equibank, N.A. v. Dobkin, supra; Prestressed Structures, Inc. v. Bargain City, U.S.A.,* 413 Pa. 262, 196 A.2d 338 (1964); *J.F. Realty Co. v. Yerkes,* 263 Pa.Super. 436, 398 A.2d 215 (1979).  Pa. R.C.P. 2952 does not require that an executed assignment be attached to the complaint in confession of judgment.  The rule requires only that the complaint contain "a statement of any assignment of the instrument".[2]  Such a statement was contained in paragraph 7 of the plaintiff's complaint in which it was stated "This lease has been assigned from Anna Weitzman to Frank Weitzman and Shirley Shumsky."  We further observe that a copy of the deed which conveyed the leased premises from Anna Weitzman to appellees was attached to the complaint in confession of judgment and the deed contained a general assignment clause assigning to the grantees the rights to all rentals from the premises.

1. We further note that Pa. R.C.P. 2951 governing Methods of Proceeding in Confession of Judgment, as amended, specifically provides that a judgment may be confessed in favor of the original holder or in favor of an assignee or transferee unless the instrument expressly forbids this.  There was no such prohibition in this lease.  See Explanatory Notes: Pa. R.C.P. 2951.

2. Pa. R.C.P. 2951(c).

We therefore conclude that the trial court did not abuse its discretion is dismissing the petition of appellants to strike or, in the alternative, to open the judgment.

Order affirmed.