## Society Hill Towers Owners' Assn. v. Matthew

*Claire Rocco,* for plaintiff.
*Jeffrey Matthew,* for defendant.

LORD, *J.,* October 12, 1982—Before the court is a petition to open a judgment by confession entered in favor of a condominium association, Society Hill Towers Owners' Association (Association) against a unit owner. Respondent's judgment by confession was entered pursuant to the condominium's code of regulations and petitioner's deed because the unit owner allegedly failed to pay association charges.

Petitioners, unit property owners, contend that the judgment should be opened on the grounds that a condition precedent to the payment of the assessments was the provision of certain maintenance services on the units and that these services were not provided. Petitioners also contend that the condominium association may not recover unpaid assessments by a confession of judgment, but must proceed by an action in assumpsit under Section 703 of the Unit Property Act. 68 P.S. §700.703 (repealed).[1]

Petitioners purchased a condominium unit from Society Hill Associates (the developer of the property) on February 28, 1980. Since the purchase of the unit, petitioners have been involved in multiple actions against both Society Hill Associates and Society Hill Towers Owners' Association. Additionally, petitioners have already had one confession of judgment entered against them because of their alleged failure to pay assessments. Judge Tranchitella has refused to open that judgment, November Term, 1980, no. 2508 (Opinion by Tranchitella, J., 15 July 1981). That case is currently on appeal to the Supe-

---

1. The Unit Property Act applies in this case because the Society Hill Towers Condominium was created prior to the effective date of the Pennsylvania Uniform Condominium Act. 68 Pa.C.S. §3301, et seq.

rior Court. This court agrees with all the matters raised in that case which appear in this case.

We are of the opinion that the Association may recover unpaid assessments through a confession of judgment and we are of the further opinion that petitioners have not averred sufficient grounds to open the judgment by confession entered in this case. Therefore, the petition to open the judgment is denied.

Petitioners contend that the Association is not permitted to recover unpaid assessments through a confession of judgment, but must bring an action in assumpsit under the Unit Property Act. Section 703 of that act provides:

Any charge assessed against a unit may be enforced by suit by the council acting on behalf of the unit owners in an action in assumpsit: Provided, that each suit when filed shall refer to this act and to the unit against which the assessment is made and the owner thereof and shall be indexed by the prothonotary as lis pendens. Any judgment against a unit and its owner shall be enforceable in the same manner as is otherwise provided by law. 68 P.S. §700.703.

We believe that this section does not provide the exclusive method for collection of unpaid assessments. In enacting the Unit Property Act, the general assembly referred only to the establishment of "a procedure" for the collection of charges.[2] The general assembly could have expressly elected to make Section 703 the exclusive procedure and not authorize the use of a confession of judgment. However, no such election was made and we therefore conclude that the Association was entitled to use

---

2. See historical Note, 68 P.S. §700.701.

the confession of judgment procedure under Pa.R.C.P. 225(b) to recover unpaid assessments.

Since we have determined that the respondent Association may confess judgment for unpaid assessments, we turn to the question whether the judgment entered in this case should be opened.

In order to open a judgment entered by confession, a party must aver a valid defense. Kardos v. Morris, 470 Pa. 337, 368 A.2d 657 (1977). In the case at bar, it is our opinion that petitioners have failed to present such a defense.

Petitioners contend that any assessments that they failed to pay were due to the failure of the Association to provide required maintenance on their unit. However, upon examination of the exhibits submitted to the court, it is apparent that — with one minor exception — the services demanded by petitioners were not required to be provided by the Association.

Petitioners demanded window shades for their unit, placement of the closet doors on track and repair of kitchen and bath faucets. The maintenance provided by the Association was filter changes in air conditioners and heaters, repairs to convector units, window hinges, repairs to clogged drains and toilet and repairs to dripping faucets. The only repair demanded by petitioners which the Association was required to provide was repair to the faucets. Petitioners cannot justify the failure to pay 16 months of assessments because of the failure of the respondent to repair dripping faucets.

Regarding petitioners' contention that their obligation to pay was dependent upon the provision of services, nothing in their deed, the Condominium Declaration or Code of Regulations supports it. Under the Code of Regulations, unit owners are required to pay all assessments and have no right to

withhold payment for alleged non-provision of services. Petitioners should have directed their dispute over maintenance services to the condominium council rather than unilaterally withholding assessments.

As petitioners have shown no meritorious defense, the petition to open the judgment entered by confession in this case is denied.

## ORDER

And now, this October 12, 1982, it is hereby ordered that the petition to open the judgment by confession is denied.