## Keesler v. Pustay

*Edwin Krawitz*, for plaintiff.
*Jeffrey Velander*, for defendant.

THOMSON, *P.J.*, 60th Judicial District, August 1, 1983 — Plaintiff has filed exceptions to the court's verdict in an ejectment action awarding damages for defendant's use of her land but not possession of the land. Plaintiff and defendant owned adjoining lots. On defendant's lot were two mobile homes affixed to foundations which unknown to both parties lay directly on the common boundary line. On plaintiff's property were four buildings including a bar and grill and a mobile home about 70 feet from defendant's mobile homes.

In the summer of 1979, defendant unknowingly began to build a bedroom addition to his rear mobile home on plaintiff's side of the property. Since the mobile home abutted the boundary line, defendant's addition of approximately 27 by 16 feet lay entirely on plaintiff's property. During the construction plaintiff personally visited defendant's property several times to amicably discuss the project with defendant. Plaintiff was unaware that the structure was intruding on her land. In April 1980, after the completion of the addition, plaintiff had the boundary line surveyed. The surveyor told plaintiff that the addition was encroaching on her land and plaintiff filed suit in ejectment after defendant refused to remove the addition.

A non-jury trial was held on January 30, 1981 and on February 9, 1981 the court handed down a verdict awarding plaintiff $800 plus costs in lieu of awarding possession of the encroached upon land. Plaintiff excepts from the verdict on the ground that ejectment is a possessory action in which the proper remedy is possession of the encroached upon land and not money damages. Plaintiff also claims that

the court erred in admitting testimony by a real estate broker of defendant's who placed the value of the land encroached upon as $800. Defendant argues that plaintiff is estopped from demanding possession and it would be oppressive to require defendant to tear down their home. The decision to award damages based on a realtor's appraisal was within the discretion of a court sitting in equity.

## OPINION

This case is controlled by the doctrine of equitable estoppel based on mutual mistake as applied in Lachner v. Swanson, 251 Pa. Super. 561, 380 A.2d 922 (1977). In Lachner, defendant Swanson conveyed a lot to the east of his property to the Howells. Swanson then built a house on his retained lot which unknowingly straddled the eastern boundary of his property and extended 32 feet onto the Howell's land. A year later the Howells sold the land to plaintiff Lachner who had the boundary line surveyed, found that defendant's house was on their side of the boundary line and then filed an action in ejectment. Swanson pleaded the equitable defense mutual mistake. The court found that:

Before agreeing to buy, the Lachners inspected the property, and saw Swanson's house. By actions about the time of the purchase, the Lachners showed that they had no notion that Swanson's house was partly on their property—as that property was described in the Howell's deed to them. . . .

It is therefore evident from the record that everybody was mistaken. . . .

Lachner v. Swanson, 251 Pa. Super. 561, 380 A.2d 922, 925 (1977).

The court feels that this is the situation in the present case. In an action for ejectment, the court is

required to apply equitable principals in resolving the dispute. Kardas v. Morris 470 Pa. 337, 368 A.2d 657 (1977); Barraclaugh v. Atlantic Refining Company, 230 Pa. Super. 276,, 326 A.2d 477 (1974). "Even in a legal action of ejectment, where one party has entered unlawfully upon the property of another, with the knowledge of that other, and has, as here, expended large sums of money, the dispute must be settled in accordance with equitable principles." Wingert v. T.W. Phillips Gas & Oil Company, 398 Pa. 100, 157 A.2d 92, 96 (1959).

If plaintiff had suspicions as to where the boundary line was, she should have acted upon her suspicions while defendant was undertaking construction and not a year after he had finished building his bedroom. "We are thus faced with a case where one party sits on a suspected right, induces a false sense of security in the second party, and then, after the second party has changed his position, acts to enforce that right." Harbor Marine Company v. Nolan, 244 Pa. Super. 102, 366 A.2d 936, 940 (1976).

Both parties made a mistake as to the location of the boundary line. Defendant relied on the mistake and expended considerable time and effort in building an addition. Plaintiff is now estopped from demanding possession. The equities are all on defendant's side. Plaintiff is demanding defendant tear down their bedroom in order to recover a 27 x 16 foot portion of her land which she has no apparent use for. Equity will not grant such an oppressive result where the defense of estoppel exists, the hardship to defendant is great, and the only benefit to plaintiff is to restore the paper possession of land which will not be utilized. Topley v. Buck Ridge Farm Construction Company, 30 Pa. Commw. 360, 374 A.2d 976 (1977).

However, in applying equitable principles to this

situation the court realizes that defendant should not have the use of plaintiff's land for free. The court exercises its discretion in granting monetary damages to compensate plaintiff for trespass while holding she is estopped from demanding possession itself. Topley v. Buck Ridge Farm Construction Company, 30 Pa. Commw. 360, 374 A.2d 976, 980 (1970). The testimony of defendant's real estate broker in establishing the value of the disputed land in question was competent since he was a licensed broker and familiar with the area and the property itself. Lehigh Valley Trust Company v. Pennsylvania Turnpike Commission, 401 Pa. 135, 163 A.2d 86 (1960); Hayes Creek Country Club, Inc. v. Central Penn Quarry Stripping & Construction Company, 407 Pa. 464, 181 A.2d 30 (1962).

## ORDER

And now, this August 1, 1983, plaintiff's exceptions to the court's verdict of February 9, 1981 are dismissed.