## Benjamin v. Benjamin

*William C. Gierasch Jr.,* for plaintiff.
*Bruce C. Bankenstein,* for defendant.

UHLER, *J.,* January 14, 1992—Before this court is defendant's petition to strike or open judgment. On October 8, 1991, this court entered its opinion and order establishing the equitable distribution of the marital assets among the parties, and awarding alimony, counsel fees and costs. On October 30, 1991, before the appeal period had passed, the plaintiff praeciped to enter judgment.

On November 6, 1991, the defendant filed a petition to strike or to open judgment. Also on this date, he filed his notice of appeal. Thereafter, on November

18, 1991, the plaintiff praeciped to enter judgment, specifically on the court's award of alimony.

On December 10, 1991, the defendant presented a second petition to strike or to open judgment. The parties filed briefs on December 16, 1991.

The issue presented is whether a successful party in a divorce matter may enter judgment on the court's order during the appeal period without allegations of non-compliance with the court order or existing arrearages on alimony.

If we view the defendant's petition as a petition to open, then the defendant is not entitled to relief. "[A]n application to open the judgment is appropriate where the alleged irregularity in a matter dehors the record and where evidence relating to the cause of action must be introduced to support the application." *Baederwood Shopping Center Inc. v. St. George & Co. Inc.,* 262 Pa. Super. 121, 396 A.2d 642 (1978), citing *Matlock v. Lipare,* 243 Pa. Super. 167, 170-171, 364 A.2d 503, 504 (1976). The defendant alleges harm to his financial standing; however, he does not set forth any evidence of the harm he has suffered in essence, the defendant appeals to equitable considerations which "are generally no longer relevant." *Van Brakle v. Lanauze,* 293 Pa. Super. 276, 279, 438 A.2d 992, 994 (1981).

If we view the defendant's petition as a petition to strike, then the defendant is entitled to relief. A motion to strike is only proper when the defect in the original judgment appears on the face of the record. *Van Brakle, supra* at 278, 438 A.2d at 993. The unauthorized entry of a judgment by the prothonotary renders a judgment void; and the judgment must be stricken if its defectiveness is apparent from the face of the record. *Ruehl v. Maxwell Steel Co. Inc.,* 327 Pa. Super. 39, 474 A.2d

1162 (1984). We determine that the prothonotary was unauthorized to enter judgment in the present case.

Initially, we find that the divorce rules do not specifically address the entry of judgment in divorce matters. Accordingly, we refer to the general rules relating to civil actions. Pa.R.C.P. 1920.1(b). The plaintiff points to Pa.R.A.P. 301 to support her argument that entry of judgment on the October 8, 1991, order is permissible and should not be stricken. She contends that Pa.R.A.P. 301 requires an order to be reduced to judgment prior to an appeal in divorce actions and cites to *Hilliard v. Hilliard,* 295 Pa. Super 317, 441 A.2d 11251 (1982) in support thereof.

On the other hand, the defendant argues that Pa.R.A.P. 301 no longer mandates the entry of judgment prior to an appeal and thus is not permissible and should be stricken. In support of his argument, the defendant cites to *Lyday v. Lyday,* 361 Pa. Super. 16, 519 A.2d 967 (1986), *Spang & Co. v. U.S. Steel Corp.,* 519 Pa. 14, 545 A.2d 861 (1988), and *Moore v. Quigley,* 402 Pa. 636, 168 A.2d 334 (1981).

Prior to 1986, Pa.R.A.P. 301 required an order of court to be reduced to judgment before an appeal. This is no longer necessary. Pa.R.A.P. 301, as amended in 1986, establishes the following prerequisites to the filing of a notice of appeal from a trial court order:

(1) The order must be entered on the docket of the trial court.

(2) The order must be set forth on a separate document; and

(3) Where required, the order must be reduced to judgment. *In re Annual Audit of Penn Township,* 116 Pa. Commw. 381, 543 A.2d 171 (1988).

The note accompanying Pa.R.A.P. 301 makes it clear that whether an order must be reduced to judgment is dependent upon case law and practice. The case law cited by the parties is not determinative. The *Hilliard* decision, cited by the plaintiff, relies on the older version of Pa.R.A.P. 301 in its decision. The *Hilliard* court did not cite to present Pa.R.A.P. 301 and thus is not dispositive here.

In both *Lyday, supra,* and *Spang & Co. supra.,* cited by the defendant, the courts held that only the entry of the order on the court's docket is required prior to an appeal. These decisions do not address whether a judgment, although no longer required to be entered, is still permitted to be entered in divorce actions. Accordingly, we find that these cases are not dispositive.

Likewise, *Moore, supra,* does not resolve the issue before this court. In Moore, the court stated that when "[a] motion for a new trial is filed within the allotted time, judgment cannot, of course, be entered until the motion is disposed of by the court's refusal of a new trial." *Id.* at 638, 168 A.2d at 338. In the present procedural situation, post trial motions were not filed; indeed, they are not permitted to be filed. Pa.R.C.P. 1920.55(c). Thus, we find the *Moore* case not to be determinative of the present case.

The defendant next contends that the Divorce Code prohibits the entry of judgment in this case. We concur with the defendant's argument. Under sections 3502(e)(1) and 3703(1) of the Divorce Code, a court is permitted to enter judgment to effect compliance with its order when a party is in arrears or fails to comply with an order of equitable distribution and then only after a hearing. The plaintiff here has neither alleged any violation of the October 8, 1991, order for equitable distribution nor contends any existing ar-

rearages on account of alimony or counsel fees and costs. Consequently, this court has not conducted a hearing concerning non-compliance with its order and has not ordered entry of judgment in this case. If there are no arrears, then there can be no judgment entered.

We conclude that the prothonotary improperly entered judgments on the plaintiff's praecipes. Accordingly, we strike the judgments entered on October 30, 1991, and November 18, 1991. Regardless of our decision to strike these judgments, the defendant may not ignore the existing order. *Ewing v. Oliver Realty Inc.,* 305 Pa. Super. 486, 451 A.2d 751 (1982).