ANNA U. DOZACK, Respondent, v ANDREW DOZACK, Appellant.

Third Department, May 26, 1988

## APPEARANCES OF COUNSEL

*Robert W. Kahn, P. C. (Florence M. Richardson* of counsel), for appellant.

*Davidson & O'Mara, P. C. (Ransom P. Reynolds, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether Supreme Court erred in

finding that a valid common-law marriage exists between the parties under Pennsylvania law, a marriage which will be recognized by this State *(see, Matter of Mott v Duncan Petroleum Trans.,* 51 NY2d 289, 292). It is conceded that, since plaintiff was still married to another person when she began to cohabit with defendant in Pennsylvania, the relationship was illicit or meretricious at its inception. Under Pennsylvania law, such a relationship is presumed to continue in like manner until the obstacle to a valid marriage is removed, and a valid marriage is established by clear and convincing evidence *(see, In re Gower's Estate,* 445 Pa 554, 284 A2d 742, 744; *In re Cummings Estate,* 330 Pa Super 255, 479 A2d 537, 542). Plaintiff testified that shortly after her divorce was finalized, she and defendant, while residing together in Pennsylvania, had a discussion about marriage and exchanged marriage vows. Specifically, plaintiff testified: "Well, we just decided that we would from that day on, as far as we were concerned in our hearts, we were man and wife, and we would consider ourselves a family and continue thus." Plaintiff also presented the testimony of Arlan Briggs, who, at the time of trial, was married to but physically separated from plaintiff's sister. Briggs testified that, during the relevant time period, he and plaintiff's sister were present at the parties' residence in Pennsylvania when plaintiff announced that she and defendant had exchanged marriage vows with each other. According to Briggs, defendant was present when plaintiff made the announcement and responded by saying, "Help me make it through the night." Defendant denied ever exchanging marriage vows with plaintiff and testified that he did not recall the incident referred to by Briggs.

Marriage is a civil contract in Pennsylvania, but "[t]he contract does not require any specific form of words, and all that is essential is proof of an agreement to enter into the legal relationship of marriage at the present time" *(Estate of Gavula,* 490 Pa 535, 417 A2d 168, 171). In our view, plaintiff's testimony, if believed, constitutes clear and convincing proof that what began as an illicit relationship had been converted into a valid marriage by the parties' agreement to be man and wife and to consider themselves "a family and continue thus". Supreme Court had the opportunity to hear and observe the parties and Briggs as they testified, and we see no basis for disturbing its decision to credit the testimony offered by plaintiff.

The parties presented considerable proof concerning their

cohabitation, their reputation of marriage and their statements and actions after they moved to New York. Such proof is merely circumstantial evidence as to whether a valid marriage existed *(see, Pierce v Pierce,* 355 Pa 175, 49 A2d 346, 348). The circumstantial proof in this case is equivocal at best, with some of it supporting plaintiff's claim of a marriage and some of it supporting defendant's denial that a marriage existed, and it would be insufficient standing alone to rebut the presumption that the parties' relationship, illicit at its inception, continued to be illicit during subsequent cohabitation *(In re Estate of Dodge,* 361 Pa Super 188, 522 A2d 77; *In re Cummings Estate,* 330 Pa Super 255, 479 A2d 537, *supra).* Pennsylvania courts have held that, where there is direct written proof which is sufficient to establish a valid marriage, there is no need to consider whether the circumstantial proof corroborates or establishes independently the validity of the marriage *(In re Gower's Estate,* 445 Pa 554, 284 A2d 742, *supra).* Where the direct proof purports to establish an oral marriage contract, however, the Pennsylvania courts examine all of the proof, including the circumstantial evidence, to determine whether to credit the proof of an oral contract *(In re Stauffer's Estate,* 372 Pa 537, 94 A2d 726, 728-729; *In re Estate of Kovalchick,* 345 Pa Super 229, 498 A2d 374, 377).

We reject defendant's argument that the circumstantial proof herein requires reversal of Supreme Court's finding. In particular, we find the cases relied upon by defendant to be distinguishable from this case. For example, in *Commonwealth ex rel. Drebot v Drebot* (199 Pa Super 439, 442, 185 A2d 617, 619), the appellate court reversed a finding of a valid common-law marriage, concluding that the uncorroborated testimony of the relatrix concerning a purported civil marriage ceremony was "vague, confused, and contradictory and, as a consequence, legally insufficient to support the finding based upon it". In *In re Estate of Kovalchick (supra,* at 377), the appellate court affirmed a trial court ruling, concluding that the court had not "abused its discretion when it found that appellant had failed to meet the burden of proving a valid marriage". Also present in the *Kovalchick* case and other cases involving claims against a decedent's estate is the Pennsylvania rule requiring even closer scrutiny of a claimed common-law marriage "where one of the parties [to the purported marriage] is dead and the claim, so grounded, is to share in the distribution of the estate" *(In re Estate of Gavula,* 490 Pa 535, 417 A2d 168, 171, *supra).* In the case at bar, both

parties are alive and testified before Supreme Court. Plaintiff's testimony that, after her divorce, she and defendant exchanged marriage vows in Pennsylvania was clear, concise and consistent. Her testimony was corroborated to some degree by Briggs, whose testimony was also clear, concise and consistent. Supreme Court elected to credit plaintiff's testimony and the mere fact that the circumstantial evidence presented by the parties is equivocal does not require appellate interference with that determination *(see, In re Stauffer's Estate, supra)*. Based upon a review of the record, we agree with Supreme Court that plaintiff met her burden of proof under Pennsylvania law. The order, therefore, should be affirmed.

KANE, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, with costs.