**Iris SMITH, Plaintiff,**

v.

**The PENSION PLAN OF BETHLEHEM STEEL CORPORATION AND SUBSIDIARY COMPANIES, Defendant.**

**Civ. A. No. 89–0009.**

United States District Court,
W.D. Pennsylvania.

June 28, 1989.

Thomas A. Young, Johnstown, Pa., for plaintiff.

G. Daniel Carney, Pittsburgh, Pa., for defendant.

## OPINION

SMITH, District Judge.

Before this court is the question of whether subject matter jurisdiction exists in this case which turns upon resolution of an issue of matrimonial law. Plaintiff, Iris Smith (Iris), was married to David Phillips in August 1967. Complaint, para. 4. In August 1978, Iris, "believing that she was no longer the wife of David Phillips," married Nathaniel Smith. Complaint, para. 5. Thereafter, Iris used Nathaniel's last name and lived with Nathaniel as his wife. Complaint, para. 10 and 11. In 1980, after realizing that she was not legally divorced from David Phillips, Iris filed a divorce action. A final decree was entered in December 1980. Complaint, para. 6 and 7. Iris and Nathaniel believed that the divorce decree transformed Iris into Nathaniel's legal wife. Complaint, para. 15. No formal marriage ceremony was performed at any point after the divorce decree. Nathaniel died July 21, 1988.

While Iris and Nathaniel were living together, Nathaniel was an employee of the Bethlehem Steel Corporation and was covered by the company Pension Plan. Under that Pension Plan, Iris would be entitled to a surviving spouse's benefit if: 1) Nathaniel completed fifteen years with Bethlehem Steel; 2) she was his wife at the time of his retirement and; 3) she is a widow under the provisions of the Social Security Act. Plaintiff's Brief in Support of Court's Suggestion That It May Lack Subject Matter Jurisdiction, p. 5. Defendant refused to provide Iris with spousal benefits, however, "because she was not and could not have been married to Mr. Smith" at the time of his retirement. Defendant's Memorandum of Law in Support of Petition to Remove, p. 4.

Iris then filed suit in the Court of Common Pleas of Cambria County, Pennsylvania. Iris' claim sought a declaration that she had been the wife of Nathaniel Smith at the time of his death on July 21, 1988, and had been his common law wife since December 1980. Defendant removed this action asserting federal question jurisdiction pursuant to ERISA, 29 U.S.C. § 1001, et seq.

Thereafter, at a status conference, we raised *sua sponte* the issue of subject matter jurisdiction. In particular, we noted that the domestic relations abstention doctrine applied in *Solomon v. Solomon*, 516 F.2d 1018 (3rd Cir.1975), militated against exercising jurisdiction. Both parties briefed the issue at the Court's request.

Before we reach the viability of the domestic relations abstention doctrine in federal question jurisdiction, however, we must determine if plaintiff's claim is preempted. If plaintiff's claim is pre-empted, then this matter is exclusively a federal concern and abstention principles are inapplicable.

Section 1144(a) provides that "the provisions of this subchapter ... shall supersede any and all state laws insofar as they may relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The phrase "relate to any employee benefit plan" has been interpreted broadly. In *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), Justice Blackmun stated that the phrase "relate to" has a "common sense meaning such that a state law 'relate[s] to' a benefit plan '... if it has a connection with or reference to such a plan.'" *Id.* at 739, 105 S.Ct. at 2389, construing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Justice Blackmun concluded that Massachusetts state law which required benefit plans to provide mental health benefits "related to" ERISA and was subject to the pre-emption clause. *Metropolitan Life*, 471 U.S. at 739, 105 S.Ct. at 2389.

In 1987, the Court held that ERISA's pre-emption clause also encompassed state common law causes of action. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). The state causes of action were based on an alleged processing of an employee's claim for benefits and, therefore, were "related to" an employee benefit plan. *Id.* at 47, 107 S.Ct. at 1552–53. Similarly, a plaintiff's state law claims based on an alleged breach of contract for the termination of worker's compensation benefits were pre-empted in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Accordingly, the Third Circuit held that a plaintiff's state action which endeavored to recover benefits under an employee benefit plan was pre-empted in *Shiffler v. Equitable Life Assurance Soc. of the United States*, 838 F.2d 78 (3rd Cir.1988). Insurance proceeds also were the ultimate goal of the plaintiff in *Kriebel v. Phoenix Mut. Life Ins. Co.*, 699 F.Supp. 496 (W.D.Pa. 1988). The court in *Kriebel* found that plaintiff's claims were pre-empted because they could not be adjudicated "without reference to the specific provisions of the Plan." *Id.* at 499.

Although the scope of ERISA's pre-emption clause is broad, there are state laws which do not "relate to" an employee benefit plan. *Albert Einstein Medical Center v. Action Manufacturing Company*, 697 F.Supp. 883 (E.D.Pa.1988). The plaintiff's estoppel claim in *Action Manufacturing* was not preempted because the court found the claim to be "independent of the defendant's actual obligations under the benefit plan." *Id.* at 884. In fact, the court noted that plaintiff's cause of action did not "in any sense turn on an interpretation of the rights of a beneficiary under the plan." *Id.*

We find plaintiff's action in the case at bar is not "related to" the employee benefit plan of the defendant. The relief sought by Iris is not dependent on the interpretation of the plan or a beneficiary's rights under the plan. Admittedly, the eventual outcome of Iris' suit will determine if she is entitled to benefits. But Iris' state law action does not, from a common sense perspective, refer to or connect with the plan. "In addition, the congressional purpose underlying the breadth of ERISA's preemption provision—to secure uniform federal laws regulating employee benefit plans—is not advanced by preemption ..." of this state action based purely on Pennsylvania's matrimonial law. *Action Manufacturing*, 697 F.Supp. at 885. Accordingly, Iris' cause of action is not preempted.[1] We, therefore, address whether abstention is in order in this domestic relations matter.

The domestic relations abstention doctrine applied in *Solomon v. Solomon*, 516 F.2d at 1018, was consistent with the traditional reluctance of the federal courts to entertain cases involving domestic relations. The plaintiff wife in *Solomon* brought a diversity action against her ex-husband alleging a breach of their separation agreement. The circuit court reviewed the Supreme Court law regarding abstention in domestic relations issues and concluded that federal courts do not have jurisdiction in domestic relations matters except in two limited situations. Since the facts in *Solomon* failed to fit either exception the court found the district court's abstention justified.

Defendant contends that the domestic relations abstention doctrine in *Solomon* is applicable only to actions in diversity jurisdiction. Consequently, defendant argues that *Solomon* is not controlling in this federal question matter. Defendant urges this Court to exercise jurisdiction.

We recognize that *Solomon*, 516 F.2d at 1018, presented the domestic relations abstention doctrine in the context of a diversity case. We do not find that factor alone, however, precludes the application of the domestic relations exception in an appropriate federal question action. Nor do we find the inapplicability of the exception to a federal question matter concerning the

---

1. *See also Sav. & Profit Sharing Fund of Sears Emp. v. Gago*, 717 F.2d 1038 (7th Cir.1983) (state court order directing pension retirement fund to pay ex-spouse a portion of former husband's benefits not pre-empted by ERISA).

Parental Kidnapping Prevention Act, codified at 28 U.S.C. § 1738A, as an outright prohibition of the application of the exception to all federal question matters. *See Flood v. Braaten*, 727 F.2d 303 (3rd Cir. 1984). Rather, the absence of cases declining federal jurisdiction on the basis of the domestic relations exception in federal question cases can be attributed to the fact that "until recently neither the Constitution nor the laws of the United States were seen as affecting the family unit." *Flood*, 727 F.2d at 307 n. 17. Consequently, we hold that the domestic relations exception is one of several factors to be considered in determining whether to abstain from a federal question matter which implicates domestic relations issues.

One of the other factors to be considered was addressed in *Fregeau v. Instrument Associates*, No. 87-C-8924, 1988 WL 135466 (N.D.Ill. Dec. 14, 1988) (LEXIS # 14066). *Fregeau* involved federal ERISA claims brought by a plaintiff in federal court. Significantly, the case related to the plaintiff's divorce proceeding in state court. Defendant moved to dismiss plaintiff's claims or, in the alternative, requested that the court abstain from exercising jurisdiction.

The court in *Fregeau* held that "the domestic relations exception applies only to cases before the federal courts on diversity jurisdiction."[2] *Fregeau*, No. 87-C-8924 (N.D.Ill.1988). Since Fregeau involved federal ERISA claims, the court reasoned that the domestic relations exception was inapplicable. The Court then decided to exercise jurisdiction because the plaintiff's claims could not be brought in state court. Plaintiff's claims alleged (1) a breach of the defendant's duty under ERISA to provide her with documents and information pursuant to 29 U.S.C. § 1024(b); and (2) a violation by the trustees of the profit sharing

plan of their fiduciary duties under 29 U.S.C. § 1132(a)(3). Federal district courts have exclusive jurisdiction over these ERISA claims pursuant to section 1132(e) which provides: "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter...." 29 U.S.C. § 1132(e). Accordingly, the court in *Fregeau* denied the defendant's motion to abstain.

■ In the instant action, we are not faced with a scenario in which plaintiff's claims may not be brought in state court. Plaintiff's claim, as characterized by the defendant, is grounded on section 1132(a)(1)(B), an action to enforce her rights under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B), Defendant's Memorandum of Law in Support of Petition for Removal, p. 11. Actions under section 1132(a)(1)(B) are not matters of exclusive federal jurisdiction. Rather, state courts and federal district courts have concurrent jurisdiction. 29 U.S.C. § 1132(e)(1). Therefore, unlike *Fregeau* the state court can exercise jurisdiction over plaintiff's claim.

■ Another factor to be considered in determining if abstention is in order in a federal question case involving domestic relations issues is the degree to which the issues pertain to federal law. *Moore v. Moore*, No. 86-2530 (D.Kan. May 10, 1988) 1988 WL 163019 (LEXIS # 5104). In *Moore v. Moore*, the court declined to exercise jurisdiction over plaintiff's ERISA claim which related to a domestic relations issue. In particular, the disputed issue pertained to what the plaintiff wife's rights were in her divorced husband's pension plan under a divorce decree and separation agreement. While the court recognized that the facts did not fall into any of the three abstention categories recognized by the Supreme Court,[3] the court held that abstention

---

**2.** We have rejected this notion, *supra.*

**3.** Judge O'Connor noted
  The categories recognized are: (1) cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) cases presenting difficult questions of state law bearing on

policy problems of substantial public import; and (3) cases where federal jurisdiction has been involved for the purpose of restraining state criminal proceedings in the absence of bad faith, harassment, or a patently invalid state statute. Id. at 814–16.
  *Moore*, No. 86–2530 at n. 1. *See Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496,

was appropriate because the case presented "issues based on predominantly state law ..." *Moore, supra.* The issues in the case pertaining to federal law, if any, were "remote and attenuated." *Id.*

Similarly, the issues in the case at bar pertain predominantly to state law—matrimony and common law marriages. If plaintiff is declared Nathaniel's legal wife, the defendant will be able to determine if benefits are due. Federal law regarding plaintiff's ability to enforce her rights under the terms of the plan have little, if any, effect on whether plaintiff can be declared Nathaniel's legal wife by the State of Pennsylvania.

In light of the facts that plaintiff's claim can be brought in state court and that this case primarily concerns a domestic issue, we conclude that abstention is in order. Consistent with *Solomon v. Solomon,* 516 F.2d at 1021, we adhere to the traditional practice of declining jurisdiction in domestic relations matters in the absence of jurisdictional considerations warranting otherwise. Therefore, consistent with this Court's power to remand this case in the event that it was improvidently removed, 28 U.S.C. § 1447(c), we will remand this case to the Court of Common Pleas of Cambria County.

61 S.Ct. 643, 85 L.Ed. 971 (1941); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Similarly, these doctrines are not applicable to the case at bar. Furthermore, we do not find abstention appropriate pursuant to *Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The instant case does not present a concurrent state proceeding, the threat of piecemeal litigation and a congressional policy furthering the avoidance of piecemeal adjudication of this type of claim. In short, although the instant circumstances are exceptional, we do not believe the Court envisioned *Colorado River* being applied to this type of claim.