**Marie Flagg SOKOLOWSKI**

v.

**ALLIED–SIGNAL, INC.**

**Civ. A. No. 90–0093.**

United States District Court, E.D. Pennsylvania.

April 6, 1990.

Robert J. Murphy, Murphy, Murphy & Murphy, Philadelphia, Pa., for plaintiff.

Michael L. Banks, Morgan, Lewis & Bockius, Philadelphia, Pa., Catherine Reid, for defendant.

MEMORANDUM

GILES, District Judge.

A. *Factual and Procedural Background*

Leonard Sokolowski was employed by defendant Allied–Signal, Inc. (Allied) until his death on September 6, 1987. Plaintiff Marie Flagg claimed that she was the common-law spouse of Mr. Sokolowski and sought survivors' benefits pursuant to Allied's Pension Plan.[1] Allied's Plan Administrator concluded that Ms. Flagg was not the common-law spouse of Mr. Sokolowski

1. In the complaint, plaintiff identifies herself as "Marie Flagg Sokolowski." However, in her correspondence with Allied's Plan Administrator, she identified herself as "Marie Flagg." To lessen confusion, this court will refer to plaintiff as Marie Flagg.

and denied her claim for survivor's benefits.

Ms. Flagg filed suit in Court of Common Pleas, Philadelphia County, seeking a declaration that she was the common-law spouse of Mr. Sokolowski and entitled to pension benefits. She also complained that she had not been provided a copy of the Pension Plan, see 29 U.S.C. § 1132(c) (ERISA), and sought damages. Defendant removed the action to this court. Plaintiff has moved to amend the complaint and to remand. Defendant has moved for summary judgment. For the reasons which follow, the motion to amend is granted. The motion to remand is denied, and defendant's motion for summary judgment is granted.

## B. *Discussion*

### 1. *Motion to Amend*

In her complaint, plaintiff alleges that defendant failed to provide her with a copy of the pension plan. Plaintiff now seeks to amend by withdrawing this claim. An answer has not yet been filed, so the complaint can be amended "as a matter of course." See Fed.R.Civ.P. 15(a). The remaining claim is for survivor's benefits under the Pension Plan.

### 2. *Motion to Remand*

In her amended complaint, plaintiff seeks a declaration that she is entitled to "all pension rights and benefits as decedent's spouse pursuant to Allied Corporation's Hourly Employee Pension Plan." Amended Complaint, ¶ 5. Plaintiff argues that the action turns solely on whether she was the common-law spouse of decedent under state law. Plaintiff contends that, because the action is founded exclusively upon state law, remand is required.

Plaintiff is incorrect. In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court examined the preemptive effect of ERISA, holding that when a complaint that "purports to raise only state law claims ... relates to an employee benefit plan, ... [it] stat[es] a federal claim [under ERISA] for purposes of the well-pleaded complaint rule ... and is removable to fed-

eral court by the defendants." *Id.* at 62, 65, 67, 107 S.Ct. at 1545–46, 1546–47, 1548. On its face, the instant amended complaint relates to an employee benefit plan. Consequently, under *Metropolitan Life*, it must be construed as stating a federal claim for benefits under ERISA.

Plaintiff further contends that the claim falls within the "domestic relations abstention doctrine." Under this doctrine, the federal courts do not entertain cases involving questions of matrimonial law. *See Solomon v. Solomon*, 516 F.2d 1018 (3rd Cir. 1975). However, the third circuit has held that the doctrine only applies in diversity cases. *Flood v. Braaten*, 727 F.2d 303, 307–8 (3rd Cir.1984); *McLaughlin v. Pernsley*, 876 F.2d 308, 312–13 (3rd Cir. 1989).

Plaintiff argues that the doctrine should also apply in federal question cases, pointing to *Smith v. Pension Plan of Bethlehem Steel Corp.*, 715 F.Supp. 715 (W.D.Pa. 1989). In *Smith*, the district court applied the doctrine when jurisdiction was founded upon a federal question. I decline to follow *Smith*, for it appears to depart from the rule for this circuit announced in *Flood* and reaffirmed in *McLaughlin*.

Since the complaint must be construed as stating a federal claim under ERISA, and since the domestic relations abstention doctrine is inapplicable, the action was properly removed, and the motion to remand is denied.

### 3. *Defendant's Motion for Summary Judgment*

Defendant has moved for summary judgment on plaintiff's claim for survivor's benefits. Plaintiff argues that the motion is untimely because the pleadings are not yet closed. This argument is without merit, for a defendant may move for summary judgment "at any time." Fed.R.Civ.P. 56(b). As explained below, there is no material dispute regarding the facts giving rise to the claim, and defendant is entitled to judgment as a matter of law.

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989), the Supreme Court

held that "a denial of benefits challenged under [29] § 1132(a)(1)(B) [ERISA] is to be reviewed under a *de novo* standard." Allied's Pension Plan allows benefits to be awarded to a deceased employee's surviving "spouse." Here, the question presented is whether the Plan Administrator correctly concluded that Ms. Flagg was not the common-law spouse of Allied's employee, Mr. Sokolowski.

A person's marital status is fixed by the law of his or her domicile. *Patterson v. Gaines*, 47 U.S. (6 How.) 550, 12 L.Ed. 553 (1848). Ms. Flagg and Mr. Sokolowski resided in Pennsylvania. Under Pennsylvania law, "it is well established that a common law marriage must be created by an exchange of words in the present tense, verba de praesenti, spoken with the specific purpose that the legal relationship of husband and wife be thereby created." *Commonwealth v. Smith*, 511 Pa. 343, 352, 513 A.2d 1371 (1986), *cert. denied, Smith v. Pennsylvania*, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987). In addition,

Constant cohabitation of a man and woman together with a *general* reputation as husband and wife in their community raise a presumption that the parties have contracted marriage ... [However,] a presumption of marriage based on cohabitation and reputation *will not* arise where the parties admit that they lived together unmarried up to the time of the alleged agreement to create a marriage relationship. Where a relationship between a man and a woman is "illicit and meretricious" in its inception, it is presumed to so continue during the cohabitation of the parties. That presumption will be rebutted only if the consent of both parties to enter into a valid marriage is established by *clear and convincing* evidence.

*In re Cummings Estate*, 330 Pa.Super. 255, 263–64, 479 A.2d 537 (1984) (citations omitted) (emphasis in original).

Here, the evidence presented to Allied's Plan Administrator consisted of a letter from Ms. Flagg and two letters from Ms. Flagg's neighbors. In her letter, Ms. Flagg stated that she had lived with Mr. Sokolowski as his common-law spouse for fifteen years prior to his death. Ms. Flagg also stated that, three years prior to his death, Mr. Sokolowski gave her an engagement ring. In the two letters from Ms. Flagg's neighbors, the neighbors stated that Mr. Flagg and Ms. Sokolowski behaved as and appeared to be husband and wife. *See* Defendant's Motion for Summary Judgment, Exhibits C, E and F.

Defendant argues that, assuming that the aforementioned statements are true, the evidence does not demonstrate a common-law marriage as a matter of law. Defendant first contends that the engagement ring does not demonstrate a common-law marriage, but only the intention to be married in the future. This argument is persuasive.

Absent an "exchange of words in the present tense," *Commonwealth v. Smith*, 511 Pa. 343, 352, 513 A.2d 1371 (1986), *cert. denied, Smith v. Pennsylvania*, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987), plaintiffs can point to cohabitation and their general reputation in the community as a married couple. *In re Cummings Estate*, 330 Pa.Super. 255, 263, 479 A.2d 537 (1984). Defendant does not dispute Ms. Flagg's assertion that she lived with Mr. Sokolowski, but contends that she did not demonstrate the couple's general reputation as a married couple. Defendant argues that the couple's relationship was " 'illicit and meretricious' in its inception," *id.* at 264, 479 A.2d 537, meaning that Ms. Flagg would have to prove "general reputation for being married" by clear and convincing evidence.

In her letter to the Plan Administrator, Ms. Flagg claimed that she had cohabited with decedent for fifteen years. However, in her original complaint, plaintiff stated and attached evidence showing that the decedent had been divorced from his previous wife only ten years prior to his death. Therefore, at the time that Ms. Flagg and Mr. Sokolowski began cohabiting, their relationship was indeed "illicit and meretricious" for purposes of proving a common-law marriage. Accordingly, Ms. Flagg

must prove general reputation for being married by clear and convincing evidence.

The Pennsylvania courts define "general reputation" narrowly, refusing to find such reputation where it is "partial or divided" (i.e. only recognized by certain persons). *In re Estate of Kovalchick*, 345 Pa.Super. 229, 234, 498 A.2d 374 (1985). As described above, the Plan Administrator received two letters from Ms. Flagg's neighbors. The letters related that Ms. Flagg and decedent appeared to be husband and wife. However, the Plan Administrator was also presented with evidence to the contrary. First, while Mr. Sokolowski was alive, Allied had no record that he was married to Ms. Flagg or that Ms. Flagg purported to be his common-law spouse. Defendant's Motion for Summary Judgment, Affidavit of Kenneth Mills. Second, Mr. Sokolowski's son stated on the death certificate that the decedent was divorced, with no surviving spouse. *Id.*, Exhibit H. Finally, although plaintiff currently identifies herself as "Marie Sokolowski," in her correspondence with Allied she signed her name as "Marie T. Flagg."

Plaintiff also points to Ms. Flagg's and Mr. Sokolowski's joint membership in the Amoco Motor Club, a club which provided emergency road service. *See* Plaintiff's Response to Motion, Exhibit A. However, this evidence was not presented to the Plan Administrator, so it cannot be considered here. ERISA does not vest the courts with the *initial* power to adjudicate benefits claims. Rather, the statute provides for judicial review of employers' decisions. *See, Wolfe v. J.C. Penney Co., Inc.*, 710 F.2d 388, 394 (7th Cir.1983). *Cf. Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). The evidence regarding membership in the Amoco Motor Club should have been presented to Allied's Plan Administrator.[2]

Indeed, on three occasions, Allied asked Ms. Flagg to submit evidence, such as joint tax returns, which could demonstrate a "general reputation" for being married. *See* Defendant's Motion, Exhibits D, G, and J. Ms. Flagg declined to do so. While the letters from Ms. Flagg's neighbors constitute some evidence of a reputation for being married, they are best understood as showing a "partial or divided" reputation. *See In re Estate of Kovalchick*, 345 Pa.Super. 229, 234, 498 A.2d 374 (1985). As a matter of law, the Plan Administrator correctly concluded that Ms. Flagg had not shown a general reputation for being married by *clear and convincing* evidence. *See In re Cummings Estate*, 330 Pa.Super. 255, 479 A.2d 537 (1984) (where federal tax returns, among other evidence, do not demonstrate a marriage relationship, testimony of five acquaintances insufficient to establish common-law marriage by clear and convincing evidence). Accordingly, defendant's motion for summary judgment must be granted. The apparent harshness of this result must be attributed to the nature of Pennsylvania law, under which "common law marriages are to be tolerated but not encouraged." *In re Estate of Kovalchick*, 345 Pa.Super. at 232, 234, 498 A.2d 374 (citations omitted).

An appropriate order follows.

## ORDER

AND NOW, this 6th day of April, 1990, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED.

2. Plaintiff's motion to remand is DENIED.

3. Plaintiff's motion for sanctions is DENIED.

---

**2.** "When additional evidence on the merits of the claim for benefits is presented for the first time to the district court, the district court should remand to the [Plan Administrator] to make the initial assessment of whether such facts establish an applicant's eligibility." *Wolfe*, 710 F.2d at 394. However, remand is unnecessary where the evidence "strengthen[s the applicant's] position only minimally." *Id.* Here, neither party has moved for a remand to the Plan Administrator. I decline to remand *sua sponte*, for I conclude that the evidence regarding the Amoco Motor Club would strengthen plaintiff's position only minimally.

4. Defendant's motion for summary judgment is GRANTED.