**In re PAPERCRAFT CORPORATION,**
**Debtor–In–Possession.**

Bankruptcy No. 91–00903 JKF.
Motion Nos. 91–2790–M, 91–
4352–M and 91–4169–M.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 11, 1991.

George M. Cheever, Pittsburgh, Pa., for Debtor.

Philip E. Beard, Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, Pa., for Unsecured Creditors' Committee.

Robert G. Sable, Stephen J. Laidhold, Sable, Makoroff, Sherman & Gusky, P.C., Pittsburgh, Pa., for Second Pennsylvania Real Estate Corp.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

Before the Court are various motions. We will discuss them seriatim.

### 1. May 1991 Rent, Motion No. 91–4352–M

Second Pennsylvania Real Estate Corporation, Debtor's landlord, seeks an order compelling Debtor's payment of administrative rent for May 1991.[1] The Debtor and Creditors' Committee contend that any amounts due for the month of May should be set off, along with any amounts due for the month of April, against an obligation Second Pennsylvania has to Debtor. That obligation consists of a matured note in the principal amount of $1,150,000.00[2] ("the Note") which was due and payable in full on May 23, 1991. Second Pennsylvania failed to make the payment. The note is secured by a mortgage on real estate, a portion of which Debtor rents from Second Pennsylvania.

In Court during the hearing on June 18, 1991, the parties agreed that the amount of rent at the contract rate for the month of May without any setoffs was $101,770.59. Despite their agreement, the Court must find that the correct amount is $106,770.59. The Court believes the parties made a mathematical error. The $106,770.59 consists of the base rent in the amount of $88,333.33 per month plus the monthly tax allocation in the amount of $18,437.26.[3] In

1. This motion is pending at Motion No. 91–4352–M. Consolidated with this motion is Motion No. 91–2790–M (Second Pennsylvania's Motion to Compel Payment of Administrative Rent for April, 1991) and Motion No. 91–4169–M (Motion to Alter or Amend Judgment or Grant Relief from Judgment [concerning April rent]). These matters are inter-related and are consolidated specifically to enable the parties, if they desire, to file one appeal on all the issues raised

in these motions rather than to present another court with pieces of the issues.

2. For purposes of this opinion the note shall be designated in its face amount, i.e., $1,150,-000.00.

3. In the opinion explaining Judgment Order dated June 27, 1991, the Court considered the monthly allocation for prepaid taxes to be $18,-435.71. The difference of $1.55 in this opinion

addition, the parties agree that Debtor made utility payments during the month of May in the amount of $19,132.43 which the Court finds to be a proper offset against the rental obligation. Therefore, the outstanding obligation at the contract rate of Debtor to Second Pennsylvania for the month of May for rent is $87,638.16.

Debtor filed this bankruptcy on March 22, 1991. By virtue of this Court's opinions of April 30, 1991, and June 14, 1991, at Motion No. 91–2790–M, the Court has determined that for any of the first sixty days postpetition during which Debtor had possession of the premises and had not rejected the lease it was obligated to pay rent at the contract rate. The sixtieth day was May 20, 1991. Debtor vacated the premises on May 22, 1991, but did not turn over full possession to the landlord until May 31, 1991.[4]

Of the $87,638.16 contract rent due for May, $56,540.75[5] represents the portion which Debtor is obligated to pay according to the lease terms. The remaining $31,097.41 may or may not fall within the provisions of § 365(d)(3) requiring timely performance of nonresidential realty lease obligations depending on whether or not Debtor's pending motion to reject the lease is granted.[6] In the event that Debtor's motion is denied, some or all of the additional $31,097.41 rent at the contract rate may be allowable. In the event that the motion is granted, the issue will arise as to whether the contract rate will apply or whether the provisions of 11 U.S.C. § 502(b)(6) (limiting the allowed claim of lessors in some cases) and § 503(b)(1) (pro-

viding for payment of the actual and necessary costs and expenses of preserving the estate as administrative expenses) will apply and thereby alter the allowed rent claim. Until the motion to reject the lease is decided, the Court is in a position neither to determine the allowable rent claim nor its priority under the Bankruptcy Code nor to enter a judgment in favor of Second Pennsylvania for rents owed after May 20, 1991. Therefore, whether the rent owed after May 20, 1991 is due at the contract rate will be held in abeyance pending the outcome of Debtor's motion to reject the lease.

In accord with the earlier opinions of this Court, a judgment will be entered in favor of Second Pennsylvania and against Debtor in the amount of $56,540.75 representing the twenty (20) days in May, i.e., the remainder of the first sixty days postpetition in which the Debtor had actual possession of the premises and had not rejected the lease. By virtue of the judgment entered on June 27, 1991,[7] against Debtor for the $50,776.37 due as April rent and the judgment entered today for the $56,540.75 due as partial May rent, Debtor owes administrative rent at the contract rate in the amount of $107,317.12.

### 2. Creditors' Committee's Motion to Alter or Amend Judgment, Motion No. 91–4169–M

Debtor[8] and the Committee of Unsecured Creditors requested the Court to alter, amend or otherwise provide relief from the judgment order entered for April rent and, to the extent that the Court would

---

is based upon Second Pennsylvania's calculations because the parties stipulated to them in Court.

4. Between May 20 and May 31, 1991, Debtor sold certain excess furniture and equipment and allowed the buyer to remove it from the premises.

5. The calculation is as follows: $87,638.16 × 20/31 days in possession = $56,540.75.

6. Concerning Debtor's motion to reject the lease which was filed in April, 1991, Second Pennsylvania filed a response challenging Debtor's good faith in exercising its business judgment. An

evidentiary hearing on that matter has been continued until September 16 and 17, 1991. If the motion is granted, § 365(g)(1) requires that the rejection be treated as a breach occurring immediately before the bankruptcy filing date, i.e., as a prepetition claim.

7. On June 14, 1991, the Court entered judgment in a larger amount but because the amount was incorrect, the judgment was vacated and a new judgment was entered on June 27, 1991.

8. Debtor filed its motion at Motion No. 91–4684–M which has been disposed of in a separate order without opinion. Thus, Debtor's argument is set forth herein.

enter an order concerning May rent, for that purpose as well. Debtor and the Creditors' Committee contend that although there is an obligation to pay administrative rent, Debtor, under § 558, has an additional offset available [9] because, on May 23, 1991, the Note in favor of Debtor granted by Lessor became due and payable in full and the payment was not made. The parties' briefs recite that on June 28, 1991, Debtor confessed judgment on the note in the principal amount of $1,150,000.00. As a result, there are competing judgments by and between Debtor and Second Pennsylvania.

■ The law in Pennsylvania is well settled that competing judgments may be offset against each other on the theory that it is pointless to require one party to turn over dollars to another party only to receive them back. Therefore, the mutual reduction of the competing judgments is appropriate and Debtor will be permitted to offset [10] its administrative rents for the month of April and the period May 1 through May 20, 1991, in the total amount of $107,317.12 against the Note which Second Pennsylvania owes it. *See Fidelity Bank v. Act of America, Inc.*, 258 Pa.Super. 261, 392 A.2d 784, 785–86 (1978). Because an offset is appropriate, the Debtor's request for relief from payment of the judgment will be granted. Debtor will not be compelled to make a payment of the rents owed from April 1 through May 20, 1991, but shall offset the obligation against amounts owed to it by Second Pennsylvania.

### 3. Second Pennsylvania's Request for an Offset Under Motion to Compel Payment of Administrative Rent Motion No. 91–4352–M

The final issue for resolution is Second Pennsylvania's contention that its claim for Debtor's breach of the lease should be offset against its obligation to pay on the Note which came due May 23, 1991. The Court finds that this issue is not ripe. First, Debtor's motion to reject the lease has not been adjudicated. Until it is, neither the nature (i.e., pre- or postpetition) nor the amount of Second Pennsylvania's claim can be fixed. In addition, Second Pennsylvania asserts that a portion of its claim is the result of environmental damage caused by Debtor before and after the sale to Second Pennsylvania, which damage Debtor ultimately must remediate. The Court cannot determine at this time whether Second Pennsylvania has an allowable environmental claim or, if one is proven, whether it would qualify for setoff where Second Pennsylvania, a *creditor*, is the movant.[11] Next, Second Pennsylvania contends at page 9 of its Memorandum in Support of its Motion to Compel Payment of Rent filed on June 28, 1991, that if the motion to reject the lease is denied Second Pennsylvania will be in a position to meet the terms of the note. If that is the case, that fact also will be a factor in the determination of whether an offset is necessary or appropriate.

■ Second Pennsylvania argues that even if it is not entitled to setoff now, recoupment is available to it as an eq-

**9.** Debtor and the Creditor's Committee both contend that setoff ought to be awarded on equitable grounds, citing Pennsylvania case law, because Second Pennsylvania is insolvent and to fail to allow setoff against an insolvent entity would deprive the Debtor forever of enforcing its valid claim. However, Second Pennsylvania argues with equal force that *Debtor* is insolvent. Thus, the Court is faced with a dispute as to the collectibility of competing judgments based upon the solvency or insolvency of both entities. The Court need not reach this issue now for the reasons stated in this opinion.

**10.** For the reasons expressed in this Court's opinion of June 14, 1991, the term "offset" is selected because, under § 558 of the Bankrupt-

cy Code, the Debtor need not establish that the obligations to be offset all arose prepetition even though a creditor would have that burden under § 553. "Recoupment" also would apply to permit the netting out of these claims.

**11.** The parties dispute whether the matured note is a prepetition or postpetition obligation, a matter which the Court would have to decide if a creditor proves a prepetition environmental damage claim, but which is not significant to today's opinion. As movant, a creditor must establish the prepetition status of the mutual claims it wishes to set off under § 553, a requirement not applicable to Debtor's setoff under § 558.

uitable defense. However, Second Pennsylvania is the *movant* in the pending proceeding to compel payment of rents. Debtor has defended the concept of paying in cash by proving that there are credits to which it is entitled and which it may use as a setoff. Second Pennsylvania now tries to defend affirmatively against the defense, an action which is not contemplated in the motions practice in bankruptcy court. Debtor has not filed an action or raised any affirmative claim to recovery against Second Pennsylvania. Debtor's only course has been to establish why it should not be required to pay cash to an entity which owes cash to Debtor. Moreover, the parties dispute that all of Second Pennsylvania's claim would arise from the sale and leaseback transaction. Rather, they argue that some components may involve other events; for example, the environmental problem which Second Pennsylvania alleges was caused by Debtor prior to the sale and leaseback. The Court finds it premature to reach Second Pennsylvania's recoupment defense, which must await an appropriate action.

For the reasons expressed in this opinion, a Judgment Order will be entered against Debtor and in favor of Second Pennsylvania fixing its rent claim at the contract rate for the period from May 1 through May 20, 1991, in the amount of $56,540.75. Further, an Order will be entered granting relief from the Judgment Orders entered at Motion Nos. 91–2790–M and 91–4352–M to provide that those judgments may be set off against the judgment held in favor of Debtor and against Second Pennsylvania on the Note in the principal amount of $1,150,000.00.

### ORDER

And now, to-wit, this 11th day of July, 1991, for the reasons expressed in the foregoing Memorandum Opinion, the Court finds:

A. At Motion No. 91–4352–M: the amount of the administrative contract rate rent for the period May 1 through May 20, 1991, owed by Debtor to Second Pennsylvania is $56,540.75 and judgment will be entered in that amount. There is an additional $31,097.41 claimed by Second Pennsylvania as the balance of the contract rate for the period May 21 through May 31, 1991, but whether this sum is entitled to treatment under § 363(d)(3) or must be treated under § 503(b)(1) must await the conclusion of Debtor's motion to reject lease which is scheduled for trial on September 16 and 17, 1991.

B. By virtue of the judgment orders entered this date at Motion No. 91–4352–M and on June 27, 1991, at Motion No. 91–2790–M, Debtor owes Second Pennsylvania $107,317.12 in administrative contract rate rent for the period April 1 through May 20, 1991.

Therefore, it is ORDERED

1. At Motion No. 91–2790–M (regarding April) and Motion No. 91–4352–M (regarding May), Second Pennsylvania's motions to compel payment of administrative rent are granted in part and denied in part as follows:

a. The motions are granted in that the initial sixty (60) day postpetition, pre-rejection rents are fixed at the contract rate and are allowed as administrative claims.

b. However, Debtor has established a valid setoff and recoupment claim against Second Pennsylvania on a judgment entered in favor of Debtor in the Court of Common Pleas against Second Pennsylvania on June 28, 1991. By virtue of that judgment, Second Pennsylvania owes Debtor $1,150,000.00 in principal on an outstanding matured note. Therefore, the motions are denied in that Debtor shall not be compelled to make a physical payment of the rent but shall set off its obligation to Second Pennsylvania against the $1,150,000.00 Note owed to it by Second Pennsylvania; and

2. The motion to alter or amend the judgment filed at Motion No. 91–4169–M is granted as modified herein. Debtor forthwith shall offset its April 1 through May 20, 1991, rental obligations as provided herein against the judgment in its favor held against Second Pennsylvania Real Estate Corporation; and

3. As a result of the setoff, Second Pennsylvania's principal obligation on the Note to Debtor is hereby reduced to $1,042,682.88.

## JUDGMENT ORDER

And now, to-wit, this 11th day of July, 1991, it is hereby ORDERED that judgment is entered in favor of Second Pennsylvania Real Estate Corporation and against Debtor, Papercraft Corporation, in the amount of $56,540.75.